ITOLA M. EVANS RANSOM, E. A. PRELLWITZ, GUARDIAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 111104. Promulgated September 8, 1943.

*Robert R. Thompson, Esq.*, for the petitioner.
*Charles Munz, Esq.*, for the respondent.

650

652

BLACK, *Judge:* The assignments of error in the petition contest the action of the Commissioner as to all the $17,329.19 which he added to petitioner's income under adjustment (a), except $1,551.59 income which was received by First National Bank in Oshkosh, trustee from October 11 to December 31, 1938. The petitioner, however, makes the following concession in his brief, which will be given effect in a recomputation under Rule 50:

With respect to the amount of $4,000.00 received by petitioner's ward from the executors of the estate during the period January 1, 1938 to October 11, 1938,

it is conceded that this amount is income of an estate allowable as a deduction to the estate as properly paid to a legatee and therefore to be included in computing the net income of the legatee within the purview and meaning of Section 162 (c) of the Revenue Act of 1938. and it is also conceded that the amount of $1,551.59 received by petitioner's ward from First Trust Company in Oshkosh, trustee under the will of Albert W. Priest, deceased, during the period from October 11, 1938 to December 31, 1938 is income currently distributable by a trustee to a beneficiary and should be included in computing the net income of the beneficiary within the purview and meaning of Section 162 (b) of the Revenue Act of 1938.

As to the balance of said income, amounting to the sum of $11,777.60, petitioner contends that it was income to the estate of Albert W. Priest, deceased, and assessable only to said estate for the reason that said income was received by the executors between January 1 and October 11, 1938, which was during the period of administration or settlement of the estate within the purview and meaning of section 161 (a) (3) of the Revenue Act of 1938, and was not paid over or credited to petitioner during said period. The portion of section 161 relied upon by petitioner reads as follows:

(a) APPLICATION OF TAX—The taxes imposed by this title upon individuals shall apply to the income of estates or of any kind of property held in trust, including—

\* \* \* \* \* \* \*

(3) Income received by estates of deceased persons during the period of administration or settlement of the estate; \* \* \*

\* \* \* \* \* \* \*

Respondent's contention that the entire amount which he has added to petitioner's income under adjustment (a) was properly added thereto is based primarily upon his determination that at some time prior to January 1, 1938, the administration and settlement of the estate of Albert W. Priest had been completed; that the testamentary trusts provided for in the will of decedent had been set up prior to January 1, 1938; that petitioner was the income beneficiary of one of these trusts during her lifetime and the income from this trust was currently distributable to her and was therefore taxable to her under section 162 (b), Revenue Act of 1938, whether distributed to her or not.

We think respondent would undoubtedly be correct in this contention if in fact the settlement and administration of the estate had been completed prior to January 1, 1938. However, from the facts which are in evidence it seems clear to us that the estate was in process of administration or settlement until October 11, 1938, when the final accounts of the executors were approved and the residue of the estate was ordered distributed, one-third to Gwendolyn Thalhofer and two-thirds to the First Trust Co. of Oshkosh as trustee for Itola M. Ransom and her two daughters.

As we see it, it was then that the permanent trust, following the five-year period after decedent's death, for the benefit of Itola M. Ransom

provided for in the will of decedent was set up. The income from this trust was to be currently distributable to Itola M. Ransom during her lifetime and, following the actual setting up of the trust under section 162 (b), such income is taxble to her whether distributed or not. Petitioner concedes as much. Therefore he has conceded that $1,551.59 of the income in question is taxable to petitioner because it represents income of the trust covering the period October 11 to December 31, 1938.

As a general rule the income of an estate received while in process of administration or settlement is taxable to the estate as a separate taxable entity under section 161 (a) (3), *supra*. *See Estate of Robert W. Harwood*, 46 B. T. A. 750, and cases there cited. See also Mertens Law of Federal Income Taxation, section 36.31, in which the author, among other things, says:

> Frequently it is not an easy task to separate the functions of executor and trustee so as to determine whether income is that of an estate during the period of administration or of a trust. Ordinarily, where the executors are required to perform acts in the administration and settlement of an estate, any income received between the date of the decedent's death and the performance by the executors of their duties as such, and the rendering of their account in settlement thereof, is to be treated as the income of an estate in process of administration or settlement. Simply because a will provides for a trust it will not be held that the tax should be computed on the basis that the income is that of a trust instead of an estate during the period of administration or settlement.

Therefore, we think that, unless we are to sustain respondent in his alternative contention hereinafter stated, we must hold in favor of petitioner. Respondent's alternative contention is to the effect that, even though it be conceded that the estate of Albert W. Priest was in process of administration or settlement up until October 11, 1938, nevertheless petitioner is taxable on the entire amount of income in question under section 162 (b) and (c), Revenue Act of 1938, printed in the margin.[1]

---

[1] SEC. 162. NET INCOME.

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

\*   \*   \*   \*   \*   \*   \*

(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed' currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under subsection (c) of this section in the same or any succeeding taxable year;

(c) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year, which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir or beneficiary.

As we have already stated, petitioner concedes that the estate properly paid $4,000 of the income of the estate to petitioner during the period January 1 to October 11, 1938, and that this $4,000 is taxable to petitioner under section 162 (c), *supra*. Petitioner, however, denies that the income of the estate as such was currently distributable to her and, therefore, taxable to her under section 162 (b) or that any greater amount of income than $4,000 was paid to petitioner during the period January 1 to October 11, 1938, and, therefore, taxable to her under section 162 (c). Respondent relies upon *Commissioner* v. *Bishop Trust Co., Ltd., Executor*, 136 Fed. (2d) 390, affirming 42 B. T. A. 1309, in support of his contention that the income of the estate from January 1 to October 11, 1938, is taxable to petitioner under section 162 (c) even though it be conceded that administration was still in progress.

The petitioner contends that the *Bishop Trust Co.* case is distinguishable from the instant case because in that case the executors paid over to themselves as trustees the residue of the estate. As executors they claimed that a portion of the residue so turned over to the trustees was income and took credit in their income tax return as executors for such income on the grounds that same was properly paid to a legatee or a beneficiary within the meaning or purview of section 162 (c). The petitioner points out that the Board and the court sustained this contention of the taxpayer in that case on the ground that under the laws of Hawaii the amount in question was properly paid over as income by the executors to the trustee of the trust, which was entitled to receive the income.

Petitioner points out that in the instant case the order of the court directing the executors to assign two-thirds of the residue of the estate to the First Trust Co. of Oshkosh, as trustee, to be administered in trust for Itola M. Ransom and her two children, says nothing about the transfer of income but treats the transfer of the entire two-thirds of the residue of the estate as a transfer of corpus, none of it to be distributed to the income beneficiary, but to be administered by the trustee and the net income thereafter from such corpus to be currently distributable to the income beneficiary, Itola M. Ransom.

Under these circumstances petitioner contends that *Weigel* v. *Commissioner*, 96 Fed. (2d) 387, affirming 34 B. T. A. 237, distinguished by the court in the *Bishop Trust Co.* case, is applicable. While the line of distinction between *Commissioner* v. *Bishop Trust Co., supra*, and *Weigel* v. *Commissioner, supra*, may seem a narrow one, nevertheless, we think, as said by the Ninth Circuit, that the cases are distinguishable. Furthermore, we think, as argued by petitioner, that the instant case on its facts is ruled by *Weigel* v. *Commissioner*, rather than by *Commissioner* v. *Bishop Trust Co.* The gist of the court's

ruling in the Weigel case is found, we think, in the following portion of its opinion:

\* \* \* By the terms of the will, the residue of the estate, including all estate income as well as personal property which passed to the executors, became and constituted the corpus of the trust estate; and, in our opinion, the residue of the estate was received by the trustees as a bequest or devise of trust corpus and not as a payment of income, either trust or estate. The property thus received came within the classification of section 22 (b) (3) and was, therefore, exempt from the tax imposed by the act of 1928.

We think the above quoted language of the court is applicable in the instant case and in view of what we have already said needs no further discussion. We, therefore, hold that of the $17,329.19 income which was added by the Commissioner in adjustment (a) to the income as reported on petitioner's return, only the $4,000 which was actually paid to petitioner during the period January 1 to October 11, 1938, and the $1,551.59 which was conceded to be the income of the trust from October 11 to December 31, 1938, is taxable to her. As to the balance of said income we hold the Commissioner was in error.

*Decision will be entered under Rule 50.*