OPINION. Arundell, Judge: The only question confronting us is the propriety of respondent’s action in taxing to petitioner the fiduciary income reported by the estate of John Ryan, Sr. The applicable statutory provisions governing the taxation of the income of estates are found in sections 161 and 162 of the Internal Revenue Code. Section 161[1] provides that the tax upon income of estates should include “income received by estates of deceased persons during the period of administration or settlement of the estate; and income which, in the discretion of the fiduciary, may be either distributed to the beneficiaries or accumulated.” Section 162[2] provides that the net income of an estate or trust is computed in the same manner as that of an individual except an additional deduction is permitted for the income which is to be currently distributed by the fiduciary to beneficiaries, whether distributed to them or not. In view of the clear statutory provisions for the taxation of income of estates, some impelling and cogent reason should be present for us to go beyond the statutory mandate and tax the income of an estate to the beneficiary when not yet distributed or credited to him. Itola M. Evans Ransom, 2 T. C. 647; Estate of Robert L. Harwood, 46 B. T. A. 750; J. H. Anderson, 30 B. T. A. 1275; First National Bank of Birmingham, Guardian, 31 B. T. A. 847. The administrator here instituted the ancillary administration proceedings in June 1941, and closed the estate in July 1942. In the Harwood case, supra, we held that the estate was. actually in process of administration during the taxable year and that its continued administration appeared neither arbitrary nor capricious. Similarly, in the instant case, it is apparent that the administration, once undertaken in 1941, was not arbitrarily or capriciously delayed for the purpose of securing a tax advantage for petitioner. Respondent does not argue to the contrary. His position appears to be that since the administration was not instituted until nearly 20 years after the death of the decedent, the Commissioner may refuse to recognize the administration and may disregard the estate as a taxable entity. For authority for this proposition, respondent relies upon section 29.162-1 of Regulations 111, which provides in pertinent part as follows: * * * The period of administration or settlement of the estate is the period required by the executor or administrator to perform the ordinary duties pertaining to administration, in particular the collection of assets and the payment of debts and legacies. It is the time actually required for this purpose, whether longer or shorter than the period specified in the local statute for the settlement of the estates. * * * He further relies upon our decisions in Walter A. Frederick. 2 T. C. 936, revd., 145 Fed. (2d) 796, and William C. Chick, 7 T. C. 1414, affd., 166 Fed. (2d) 337, construing the above regulations. We regard the holdings of the Frederick and Chick cases as in-apposite herein. In both of the above cases the taxpayers were in control of the income of the estate during the years in question. Here, Potter & Johnston, whose stock constituted the major portion of the decedent’s American estate, refused to transfer the stock to petitioner until ancillary administration proceedings were had. There was no income from the Potter & Johnston stock from the date of decedent’s death in 1922 until substantial dividends were declared by the company in 1940.[3] The 1940 dividends, along' with the 1941 dividends, were paid to the administrator, Walton, in 1941. Petitioner repeatedly asked Walton for a distribution in 1941 of all the income of the estate but Walton refused to distribute it since he deemed it advisable to retain a substantial amount of the income to meet debts and expenses of the estate. The respondent’s determination that petitioner, who was on the cash basis, is taxable for the income which he sought but could not obtain in 1941, finds no support in the statute, regulations, or decided cases. Furthermore, if the administration should be disregarded, as respondent asserts, then the 1940 dividends should have been income to the petitioner in that year, not in 1941. Regulations 111, section 29.42-3. “* * * Dividends on corporate stock are subject to tax when unqualifiedly made subject to the demand of the shareholder. * * *” Samuel Goldwyn, 9 T. C. 510, 517. If it be said that the dividends were not unqualifiedly subject to petitioner’s demand in 1940 because of Potter & Johnston's refusal to pay them until ancillary administration was had, it should be equally apparent that they were not unqualifiedly subject to petitioner’s demand in 1941 when the administrator refused to pay them to petitioner. Once petitioner learned that the American securities of his father’s estate had a value in excess of the expenses of administration and estate taxes, he promptly undertook, upon his arrival in this country in 1941, the ancillary administration necessary to obtain title to the securities. The time actually required by the administrator to collect the income from the securities, pay the estate taxes, effectuate the transfer of the securities, and to distribute the securities and income to the beneficiary was the period between June 1941, and July 1942. See Regulations 111, section 29.102-1, supra. In the alternative respondent contends that the dividends which comprised the income here in issue (1) automatically belonged to petitioner under the law of France without the necessity of administration, or (2) were currently distributable to petitioner under the provisions of his father’s will. We are not impressed by either contention. The first assumes that the taxability of the income from American securities must turn upon foreign laws of descent and administration despite evidence that petitioner, whatever his title or right to the income might be under French law, could not obtain the dividends until proper ancillary administration had been effected in this country. As to the second alternative contention, we do not construe the will as respondent would have us construe it. The provisions giving petitioner disposition of income at the age of 21 is concerned with the details of a guardianship. It has no relation to the exercise of discretion by the administrator-to withhold income to meet possible debts of the estate during the period in which creditors might file claims. The administrator’s determination to withhold a substantial portion of tire estate’s income until the period for filing claims had expired was a proper exercise of discretion under the law of Rhode Island.[4] For the above reasons, we conclude that respondent’s action in taxing to petitioner the fiduciary income reported by the decedent’s estate was error. Because of increased adjustments in petitioner’s income, Decision will be entered under Rule 50. SEC. 161. IMPOSITION OF TAX. (a) Application op Tax. — The taxes imposed by this chapter upon individuals shall apply to the income of estates or of any kind of property held in trust, including— (2) Income which is to be distributed currently by the fiduciary to the beneficiaries, and income collected by a guardian of an infant which is to be held or distributed as the court may direct; (3) Income received by estates of deceased persons during the period of administration or settlement of the estate; and (4) Income which, in the discretion of the fiduciary, may be either distributed to the beneficiaries or accumulated. SEC. 162. NET INCOME. The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that— #***•*• (b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction s^all be included in computing the net income of the beneficiaries whether distributed to them or not. Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under subsection (c) of this section in the same or any succeeding taxable year; (c) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall he allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year, which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary. We have disregarded the dividend declared in 1924 by Potter & Johnston as the record does not show that petitioner was aware of it until 1941. Moreover, the 1924 dividend income is not material since it was not received by the administrator until 1942 and thus was not put in issue in this proceeding. General Laws of Rhode Island (1038), Chapter 579, §§ 11, 12, 13, 17, and 18.