Albert W. Priest Trust for the Benefit of Itola M. Ransom, First National Bank in Oshkosh, Trustee, Transferee, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 5217. Promulgated February 19, 1946.

*Robert R. Thompson, Esq.*, for the petitioner.
*Charles Munz, Esq.*, for the respondent.

224

OPINION.

KERN, *Judge*: The determination of the primary question involved here depends upon the correct interpretation of section 3801 of the Internal Revenue Code (section 820 of the Revenue Act of 1938). If that section is not applicable to the facts before us, the error which this proceeding is designed to correct is beyond reach by reason of the statute of limitations.

The applicable provisions of the statute, contained in section 3801

(b) of the code, are set forth below.[1]  The exact provision with which we are immediately concerned is as follows:

> * * * Such adjustment shall be made only if there is adopted in the determination a position maintained * * * by the taxpayer with respect to whom the determination is made * * * which position is inconsistent with the erroneous inclusion, exclusion, omission, allowance, disallowance, recognition, or non-recognition, as the case may be. * * *

The erroneous action in this case is the allowance of a deduction to the estate for an amount currently distributable to a beneficiary.

The determination of the Tax Court that the amount was not currently distributable and not taxable to the beneficiary was essentially inconsistent with the allowance of the deduction to the estate.  This seems to us to fulfill the requirements of the statute.

Petitioner argues earnestly that there has been no inconsistency in its position or that of any related taxpayer, so far as their contentions are concerned.  It points out that its initial fiduciary return was filed

---

[1] (b) CIRCUMSTANCES OF ADJUSTMENT.—When a determination under the income tax laws—

(1) Requires the inclusion in gross income of an item which was erroneously included in the gross income of the taxpayer for another taxable year or in the gross income of a related taxpayer; or

(2) Allows a deduction or credit which was erroneously allowed to the taxpayer for another taxable year or to a related taxpayer; or

(3) Requires the exclusion from gross income of an item with respect to which tax was paid and which was erroneously excluded or omitted from the gross income of the taxpayer for another taxable year or from the gross income of a related taxpayer; or

(4) Allows or disallows any of the additional deductions allowable in computing the net income of estates or trusts, or requires or denies any of the inclusions in the computation of net income of beneficiaries, heirs, or legatees, specified in section 162 (b) and (c) of chapter 1, and corresponding sections of prior revenue acts, and the correlative inclusion or deduction, as the case may be, has been erroneously excluded, omitted, or included, or disallowed, omitted, or allowed, as the case may be, in respect of the related taxpayer; or

(5) Determines the basis of property for depletion, exhaustion, wear and tear, or obsolescence, or for gain or loss on a sale or exchange, and in respect of any transaction upon which such basis depends there was an erroneous inclusion in or omission from the gross income of, or an erroneous recognition or nonrecognition of gain or loss to, the taxpayer or any person who acquired title to such property in such transaction and from whom mediately or immediately the taxpayer derived title subsequent to such transaction—

and, on the date the determination becomes final, correction of the effect of the error is prevented by the operation (whether before, on or after May 28, 1938), of any provision of the internal-revenue laws other than this section and other than section 3761 (relating to compromises), then the effect of the error shall be corrected by an adjustment made under this section.  Such adjustment shall be made only if there is adopted in the determination a position maintained by the Commissioner (in case the amount of the adjustment would be refunded or credited in the same manner as an overpayment under subsection (c) or by the taxpayer with respect to whom the determination is made * * * which position is inconsistent with the erroneous inclusion, exclusion, omission, allowance, disallowance, recognition, or non-recognition, as the case may be.  In case the amount of the adjustment would be assessed and collected in the same manner as a deficiency, the adjustment shall not be made with respect to a related taxpayer unless he stands in such relationship to the taxpayer at the time the latter first maintains the inconsistent position in a return, claim for refund, or petition (or amended petition) to the Board of Tax Appeals for the taxable year with respect to which the determination is made, or if such position is not so maintained, then at the time of the determination.

on the theory that it was an estate in process of administration, and this was also the position of its beneficiary which was adopted by the determination of the Tax Court. The deduction which was allowed, and which is the subject of the dispute here, was allowed on the initiative of the Commissioner, who, having adopted the theory that a trust existed, followed that theory to its logical result and allowed the deduction in his computation of petitioner's tax liability. Petitioner accepted that result and paid the tax computed on that theory. Petitioner's present argument seems to suggest that it may, nevertheless, have continued privately to maintain its original position. It expressly suggests that whatever inconsistency exists here springs solely from the respondent's erroneous theory in the first instance.

There is implicit in petitioner's argument an interpretation of the statute with which we can not agree. We do not think there is any requirement that the position of the taxpayer which is adopted in the determination must be inconsistent with a position theretofore maintained by that of a related taxpayer. The sole requirement of the statute is that the position so adopted be inconsistent with the prior erroneous allowance of the deduction. It does not seem important to us who proposed the allowance of the deduction, or upon what theory. The important fact is that it was allowed, that a tax was paid pursuant to the allowance of the deduction, and that the action was erroneous. The later determination, adopting a position of a related taxpayer which was inconsistent therewith, seems clearly to invoke the application of the statute.

We are convinced that Congress did not intend to limit the applicability of the statute to cases where inconsistent positions were knowingly and deliberately assumed for the purpose of achieving tax advantages, although these no doubt were most persuasive of the need for corrective legislation. In fact, the report of the Senate Finance Committee indicates that it intended "to take the profit out of inconsistency, whether exhibited by taxpayers or revenue officials, and whether fortuitous or the result of design." P. 49, S. Rept. 1567, 75th Cong., 3d sess. The facts here serve very well as an example of such fortuitous inconsistency. We conclude that section 3801 of the code is applicable.

Petitioner challenges the respondent's calculations with respect to the amount of the deduction erroneously allowed which is subject to correction here. As we have set out in our findings, Gwendolyn Thalhafer paid a tax on $7,888.80 which respondent assessed against her as a deficiency on the theory that it was income currently distributable to her. Petitioner was allowed the corollary deduction. Only $2,000 had actually been paid to her. Respondent now contends that all of that deduction of $7,888.80 in excess of $2,000 was erroneously allowed,

and he seeks the addition to petitioner's taxable income, therefore, of $5,888.80, to which petitioner vigorously objects.

We think this adjustment is not permissible under the statute, which provides, in subsection (d), that:

\* \* \* There shall then be ascertained the increase or decrease in the tax previously determined *which results solely from the correct* \* \* \* *disallowance* \* \* \* *of the item* \* \* \* which was the subject of the error. \* \* \* [Emphasis supplied.]

There is, as to the deduction claimed by reason of amounts paid or payable to Mrs. Thalhafer, no such inconsistency of position on the part of petitioner or a related taxpayer as the statute requires as a condition precedent to its operation. There is, on the other hand, inconsistency in the position of the Government, in whose behalf correction of the error is sought. This is not sufficient to bring the provisions of section 3801 into operation. We conclude, therefore, that the only adjustment which can be authorized by this proceeding is that which arises from the deduction of the item with respect to which petitioner's related taxpayer maintained the inconsistent position which was adopted by the Tax Court.

Reviewed by the Court.

*Decision will be entered under Rule 50.*