THE FIRST NATIONAL BANK OF PHILADELPHIA, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 26824, 32174. Promulgated August 26, 1952.

*Robert C. Lea, Jr., Esq.*, for the petitioner.
*Brooks Fullerton, Esq.*, for the respondent.

OPINION.

BRUCE, *Judge:* Respondent has determined a deficiency in income tax of $13,292.76 for the taxable year 1942. The facts are stipulated and are so found, but only so much of the detailed stipulation is hereinafter set out as is necessary to an understanding of the issue presented, which is the method of computation to be used in computing the deficiency by application of section 3801 of the Internal Revenue Code[1] as applicable to the year 1942, which is such section prior to its amendment by the Revenue Act of 1944.

---

[1] SEC. 3801. MITIGATION OF EFFECT OF LIMITATION AND OTHER PROVISIONS IN INCOME TAX CASES.

* * * * * *

(b) CIRCUMSTANCES OF ADJUSTMENT.—When a determination under the income tax laws—

(1) Requires the inclusion in gross income of an item which was erroneously included in the gross income of the taxpayer for another taxable year or in the gross income of a related taxpayer; or

(2) Allows a deduction or credit which was erroneously allowed to the taxpayer for another taxable year or to a related taxpayer; or

(3) Requires the exclusion from gross income of an item with respect to which tax was paid and which was erroneously excluded or omitted from the gross income of the taxpayer for another taxable year or from the gross income of a related taxpayer; or

(4) Allows or disallows any of the additional deductions allowable in computing the net income of estates or trusts, or requires or denies any of the inclusions in the computation of net income of beneficiaries, heirs, or legatees, specified in section 162 (b) and (c) of chapter 1, and corresponding sections of prior revenue Acts, and the correlative inclusion or deduction, as the case may be, has been erroneously excluded, omitted, or included, or disallowed, omitted, or allowed, as the case may be, in respect of the related taxpayer; or

(5) Determines the basis of property for depletion, exhaustion, wear and tear, or obsolescence, or for gain or loss on a sale or exchange, and in respect of any transaction upon which such basis depends there was an erroneous inclusion in or omission from the gross income of, or an erroneous recognition or nonrecognition of gain or loss to, the taxpayer or any person who acquired title to such property in such transaction and from whom mediately or immediately the taxpayer derived title subsequent to such transaction—

and on the date the determination becomes final, correction of the effect of the error is prevented by the operation (whether before, on, or after May 28, 1938) of any provision of the internal-revenue laws other than this section and other than section 3761 (relating to compromises), then the effect of the error shall be corrected by an adjustment made under this section. Such adjustment shall be made only if there is adopted in the determination a position maintained by the Commissioner (in case the amount of the adjustment would be refunded or credited in the same manner as an overpayment under subsection (c).). or by the taxpayer with respect to whom the determination is made (in case the amount of the adjustment would be assessed and collected in the same manner as a deficiency under subsection (c)), which position is inconsistent with the erroneous inclusion, exclusion, omission, allowance, disallowance, recognition, or nonrecognition, as the case may be. In case the amount of the adjustment would be assessed and collected in the same manner as a deficiency, the adjustment shall not be made with respect to a related taxpayer unless he stands in such relationship to the taxpayer at the time the

It appears that respondent issued a notice of deficiency on November 25, 1949, asserting the deficiency here in question, and a petition thereunder was filed with this Court by the petitioner under Docket 26824. Subsequently it was noted that the statutory notice of deficiency had been issued prior to the final determination of claim for refund for the calendar year 1943, as hereinafter detailed, and consequently at the time of the issuance of such notice the basis did not exist for an adjustment as to 1942 under section 3801. Respondent, therefore, on October 18, 1950, after his final action in allowance of petitioner's claim, issued a second deficiency notice identical with the first, to which petitioner filed his petition under Docket 32174. On the hearing of these proceedings, on motion the two dockets were consolidated, and although no motion was made to dismiss Docket 26824, it is treated by the parties as a nullity.

Petitioner is a banking association organized under the laws of the United States of America. At all times pertinent to this proceeding it has kept its books and reported its income under an accrual method of accounting. For the years 1941 to 1945, inclusive, it filed its Federal income tax returns with the collector of internal revenue for the first collection district of Pennsylvania. Its return for the calendar year 1942 involved herein was filed March 13, 1943, and no waivers or consent forms extending the period of limitation upon assessment of income and profits taxes were filed for that year.

---

latter first maintains the inconsistent position in a return, claim for refund, or petition (or amended petition) to The Tax Court of the United States for the taxable year with respect to which the determination is made, or if such position is not so maintained, then at the time of the determination.

  *    *    *    *    *    *    *

(d) ASCERTAINMENT OF AMOUNT OF ADJUSTMENT.—In computing the amount of an adjustment under this section there shall first be ascertained the tax previously determined for the taxable year with respect to which the error was made. The amount of the tax previously determined shall be (1) the tax shown by the taxpayer, with respect to whom the error was made, upon his return for such taxable year, increased by the amounts previously assessed (or collected without assessment) as deficiencies, and decreased by the amounts previously abated, credited, refunded, or otherwise repaid in respect of such tax; or (2) if no amount was shown as the tax by such taxpayer upon his return, or if no return was made by such taxpayer, then the amounts previously assessed (or collected without assessment), as deficiencies, but such amounts previously assessed, or collected without assessment, shall be decreased by the amounts previously abated, credited, refunded, or otherwise repaid in respect of such tax. There shall then be ascertained the increase or decrease in the tax previously determined which results solely from the correct exclusion, inclusion, allowance, disallowance, recognition, or nonrecognition, of the item, inclusion, deduction, credit, gain, or loss, which was the subject of the error. The amount so ascertained (together with any amounts wrongfully collected, as additions to the tax or interest, as a result of such error) shall be the amount of the adjustment under this section.

(e) ADJUSTMENT UNAFFECTED BY OTHER ITEMS, ETC.—The amount to be assessed and collected in the same manner as a deficiency, or to be refunded or credited in the same manner as an overpayment, under this section, shall not be diminished by any credit or set-off based upon any item, inclusion, deduction, credit, exemption, gain, or loss other than the one which was the subject of the error.

  *    *    *    *    *    *    *

For all the years from 1941 to 1945, inclusive, the petitioner paid the State of Pennsylvania a tax levied upon the value of its shares as of the close of each of those years. In each of those years petitioner, on the accrual basis, accrued as of the close of the year the amount of the state tax computed for such year, although this amount was not paid until the following year.

For the year 1945, upon audit of petitioner's return, it was held by respondent that the state tax upon petitioner's shares was a tax upon the stockholders, but if petitioner paid such tax and was not reimbursed therefor by the stockholders the payment represented a legal deduction by petitioner in computing net income. He further held that under such circumstances the state tax computed for one year was not subject to accrual at the close of the year by petitioner and deductible for that year, but was deductible only in the year in which paid.

On this basis respondent recomputed the income of petitioner as reported on its returns for 1944 and 1945, allowing in each year as a deduction the amount of the state shares tax actually paid by petitioner in that year. The amount so allowed in each year had been taken as a deduction in each instance in the prior year. This adjustment resulted in the computation of deficiencies for the years 1944 and 1945 which were paid by the petitioner.

At the time of the adjustment hereinbefore detailed, with respect to the years 1944 and 1945, the calendar year 1943 was not yet closed by the statute of limitations to the assertion of a claim for refund by petitioner, and the latter filed for that year its claim asking an adjustment of its tax for such year by allowance of a deduction of $87,452.42 which it had paid in 1943 but which it had accrued as of the close of the calendar year 1942 and taken as a deduction on its returns for such year.

The aforementioned claim filed by petitioner for the calendar year 1943 was allowed by respondent and a refund resulting from the adjustment asked was paid to and received by petitioner.

The action by respondent in the allowance of petitioner's claim for 1943 having constituted a final determination for that year within the purview of section 3801, respondent proceeded to determine a deficiency for the calendar year 1942 by making an adjustment for such year by disallowance of the item of $87,452.42 allowed by him as a deduction for 1943 and which also stood as an allowed deduction for the calendar year 1942. The disallowance of this deduction for 1942 results in the deficiency for that year here in issue.

It is clear to us beyond question that under the facts as stipulated the adjustment by respondent under section 3801 for the calendar year 1942 was permitted. Petitioner appears not to object to the adjust-

ment to the extent of the disallowance of the deduction in 1942 of the aforesaid item of $87,452.42, but contends that the adjustment for that year should also bring forward from 1941 to 1942 a deduction taken by it of $84,847.46 which it had accrued as of the close of the year 1941.

It appears clear to us that the adjustment permitted for 1942 under section 3801 is limited only to the item in controversy and allowed by respondent in the claim for refund for 1943. As we said in *D. A. MacDonald*, 17 T. C. 934:

> * * * Section 3801 does not purport to permit adjustments for prior years for items that are merely similar to those with respect to which a determination has been made for another year. * * *

The item of $84,847.46 taken as a deduction for 1941 and which petitioner asks to be carried forward and reflected in the adjustment for the year 1942 here in question was in no way involved in the final determination made by the respondent for the calendar year 1943. It is clear from the legislative history of section 3801 [2] that the purpose was only to permit adjustment for the prior year of the item involved in the final determination and not to reopen prior years with respect to which the statute of limitations had run. It may also be noted that the specific provision of subsection (d), providing the method for ascertaining the amount of the adjustment is:

> * * * There shall then be ascertained the increase or decrease in the tax previously determined *which results solely* from the correct exclusion, inclusion, allowance, disallowance, recognition, or nonrecognition, of the item, inclusion, deduction, credit, gain, or loss, which was the subject of the error. The amount so ascertained (together with any amounts wrongfully collected, as additions to the tax or interest, as a result of such error) shall be the amount of the adjustments under this section. [Emphasis added.]

The fallacy of petitioner's theory is apparent when we consider the result if it were accepted. It would not be the correction of an error but merely the elimination of a double deduction with respect to the year 1942 and the substitution therefor of a double deduction in the amount of $84,847.46 which would then stand as having been allowed for both 1941 and 1942. Under such conditions respondent will be precluded by the statute of limitations from making the correction called for as to 1941.

*Decision will be entered for the respondent.*

---

[2] The legislation here proposed is based upon the following principles:

(1) To preserve unimpaired the essential function of the statute of limitations, corrective adjustments should (a) never modify the application of the statute except when the party or parties in whose favor it applies shall have justified such modification by active inconsistency, and (b) *under no circumstances affect the tax save with respect to the influence of the particular items involved in the adjustment.* [Emphasis added.]

S. Rept. No. 1567, 75th Cong., 3d Sess., p. 49.