THE HEER-ANDRES INVESTMENT COMPANY, PETITIONER, *v.* COMMIS-SIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 46537. Filed May 21, 1954.

J. *Weston Miller, Esq.,* for the petitioner.
*Mark Townsend, Esq.,* for the respondent.

OPINION.

WITHEY, *Judge:* The respondent determined deficiencies in petitioner's income tax in the amount of $17,457.20 and in declared value excess-profits tax in the amount of $5,336.34 for the taxable year ended January 31, 1945. The issue for decision is whether the adjustment made by the respondent is authorized by section 3801 (b) (3) of the Internal Revenue Code.

All of the facts have been stipulated and are so found.

Petitioner is a Missouri corporation located in Springfield, Missouri. It filed its tax returns for the year ended January 31, 1945, with the collector for the sixth district of Missouri. It keeps its books and files its tax returns on the accrual method for fiscal years ending January 31.

A major portion of petitioner's income is rental or leasehold income, derived from a long-term lease to Heer's, Incorporated, a Missouri corporation, and the income in the present controversy is such rental or leasehold income. There is no affiliation, connection, or relationship between petitioner and Heer's, Incorporated, other than the relationship of lessor and lessee.

Effective March 1, 1940, petitioner entered into a lease with Heer's, Incorporated, for a term of 15 years. Subsequently the lease was extended to expire August 31, 1969. The lease provides that the lessee shall pay a minimum rental of $1,625 per month, payable monthly in advance, on or before the 10th day of each calendar month of the lease and further provides for the payment of additional rent as follows:

Provided, however, that in addition to the minimum rent as set forth, the lessee will yield and pay unto the lessor, as additional rent, within ten (10) days following January 31 of each year, during the term of this leasehold, the amount by which three (3%) [*sic*] of the lessee's net sales (as hereinafter defined) for each twelve (12) months' period preceding February first of each year during the term of this leasehold, shall exceed the minimum rent hereinabove specified to be yielded and paid unto the lessor during each twelve (12) months' period.

At all times after entering into the lease, to and through the fiscal year ended January 31, 1945, and for several years thereafter, the item of additional rent, paid in accordance with the above quoted provision of the lease, sometimes hereinafter referred to as "additional rent," was accrued by petitioner on its books and reported by it on its income tax returns in and for the fiscal years in which it became payable by the lessee. As a result the additional rent payable by the lessee on February 10, 1944, was accrued by petitioner as income for the fiscal year ended January 31, 1945, and was reported as income in its income tax return for that fiscal year; and the additional rent payable on February 10, 1945, was accrued as income for the fiscal

year ended January 31, 1946, and was reported as income for that year.

The following schedule shows the amount of additional rent paid by the lessee for the indicated years, when received and accrued by petitioner, and the fiscal year for which reported as income by petitioner:

| Additional rent | | When received and accrued by petitioner | Fiscal year for which reported by petitioner (ended January 31) |
|---|---|---|---|
| For year ended January 31 | Amount | | |
| 1941 | $4,735.60 | February 1941 | 1942 |
| 1942 | 13,822.10 | February 1942 | 1943 |
| 1943 | 19,860.05 | February 1943 | 1944 |
| 1944 | 35,183.59 | February 1944 | 1945 |
| 1945 | 47,503.87 | February 1945 | 1946 |
| 1946 | 62,370.49 | February 1946 | 1947 |
| 1947 | 85,628.65 | February 1947 | 1948 |

A prior proceeding, Docket No. 28148, reported at 17 T. C. 786, involved deficiencies in income tax and declared value excess-profits tax determined by respondent against the petitioner for the fiscal year ended January 31, 1946, and a deficiency in income tax for the fiscal year ended January 31, 1947. In determining the deficiency for the fiscal year 1947, the respondent determined that the additional rent of $85,628.65, reported by the petitioner as income for the fiscal year 1948, was income to the petitioner for the fiscal year 1947, and that the additional rent of $62,370.49, reported by petitioner for the fiscal year 1947, was income to the petitioner for the fiscal year 1946. In determining the deficiencies for the fiscal year 1946, the respondent determined that the additional rent of $62,370.49, reported by petitioner as income for the fiscal year 1947, was income to the petitioner for the fiscal year 1946 and taxable to it for that year. In making this determination, the respondent made no adjustment with respect to the additional rent of $47,503.87 received and accrued by petitioner in February 1945 and reported as a part of its income for the fiscal year 1946. The effect of the respondent's action was to include both amounts, $62,370.49 and $47,503.87, or a total of $109,874.36, as income taxable to the petitioner for the fiscal year 1946. At the time of the foregoing determinations by respondent the period of limitations provided in section 275 (a) of the Internal Revenue Code for making assessment of income, declared value excess-profits, and excess profits taxes for the fiscal year ended January 31, 1945, and prior years, had expired.

In the prior proceeding the petitioner contended that its method of reporting the amounts of additional rent as income for the fiscal years

during which they became payable rather than for the fiscal years with respect to which they were payable was correct and accurately reflected its income. The respondent contended that the amounts of additional rent determined by him as income for the respective years accrued during, and should have been reported as income for, the respective years. We sustained the respondent's contention.

The petitioner advanced an alternative contention with respect to the fiscal year 1946 to the effect that if it be held that the additional rent of $62,370.49 which it had reported as income for the fiscal year 1947 was properly taxable for the fiscal year 1946, then the $47,503.87 which became payable in February 1945 and was reported as income for the fiscal year 1946 should not be included in its taxable income for the fiscal year 1946. In considering the respondent's contention and holding for the petitioner, we said:

The Commissioner's position is predicated upon the contention that the period of limitations had expired upon his power to proceed with respect to the year ended January 31, 1945, and that unless this item of $47,503.87, reported by petitioner in its 1946 return, is taxed in that year it will escape taxation entirely. In this connection, the Commissioner relies upon *Schuman Carriage Co.*, 43 B. T. A. 880 * * *

The *Schuman* case does indeed furnish support for the respondent's position. However, more recent decisions appear to require a contrary result. *Robert G. Frame*, 16 T. C. 600; *Estate of Samuel Mnookin*, 12 T. C. 744, affd. (C. A. 8) 184 F. 2d 89. In the circumstances, we hold that the additional rent of $47,503.87 with respect to the year ended January 31, 1945, may not be included in petitioner's income for the following fiscal year.

Within 1 year subsequent to the entry of our decision in the prior proceeding the respondent determined the deficiencies involved in the instant proceeding, stating that the assessment thereof was proposed under the provisions of section 3801 (c) of the Internal Revenue Code. In determining said deficiencies, the respondent determined that the additional rent of $47,503.87, which became payable in February 1945, and was reported by petitioner as income for the fiscal year 1946, and which we held in the prior proceeding was not to be included in income for the fiscal year 1946, was income for the fiscal year 1945. Accordingly, the respondent included the amount in the petitioner's taxable income for the fiscal year 1945. In so doing the respondent made no adjustment with respect to the additional rent of $35,183.59 received and accrued in February 1944 and reported as part of its income for the fiscal year 1945. The effect of the respondent's action was to include both amounts, $47,503.87 and $35,183.59, or a total of $82,687.46, as income taxable to the petitioner for the fiscal year 1945.

The petitioner contends (1) that the assessment and collection of the deficiencies are barred by the statute of limitations; (2) that it has at all times been consistent with regard to the facts and issues herein and respondent cannot under the provisions of section 3801 (c)

of the Code assess and collect the proposed deficiencies; (3) that the issues, questions, and matters involved herein are res judicata and also a matter of stare decisis against the respondent; (4) that respondent is bound by his election in the prior litigation and is estopped herein; and (5) that respondent erroneously again seeks to tax petitioner on the basis of two separate items of additional rent, attributable to 2 separate years, as both being income to petitioner for the same year.

The respondent contends that the petitioner was inconsistent in its argument in the prior proceeding in that it contended that it had reported the additional rents correctly and, in advancing an alternative contention, that in event its method of reporting be held to be incorrect, then respondent's determination should be consistent as to all years.

Concededly, the statute of limitations has run for the taxable year ended January 31, 1945, unless section 3801 permits the determinations the respondent has made. The burden is on the respondent to prove the exceptions to the statute of limitations. *D. A. MacDonald*, 17 T. C. 934; *James Brennen*, 20 T. C. 495; *Max Schulman*, 21 T. C. 403; *Harry Landau*, 21 T. C. 414. The respondent relies on section 3801 (b) (3)[1] as authority for the adjustment.

One of the prerequisites to the application of section 3801, subsection (b) (1) to (5), inclusive, is that one of the parties to the proceeding must maintain an inconsistent position with respect to a prior erroneous exclusion or omission of income, which inconsistent position has benefited him. As stated in the Senate Finance Committee report with respect to proposals that became section 820 of the Revenue Act of 1938, which is now Code section 3801 (S. Rept. No. 1567, 75th Cong., 3d sess. (1938), p. 49, 1939–1 C. B. (Part 2) 815):

The legislation here proposed is based upon the following principles:

(1) To preserve unimpaired the essential function of the statute of limitations, corrective adjustments should (a) never modify the application of the statute except when the party or parties in whose favor it applies shall have justified such modification by active inconsistency, and (b) under no circumstances affect

---

[1] SEC. 3801. MITIGATION OF EFFECT OF LIMITATION AND OTHER PROVISIONS IN INCOME TAX CASES.

(b) CIRCUMSTANCES OF ADJUSTMENT.—When a determination under the income tax laws—

\* \* \* \* \* \* \*

(3) Requires the exclusion from gross income of an item with respect to which tax was paid and which was erroneously excluded or omitted from the gross income of the taxpayer for another taxable year or from the gross income of a related taxpayer; \* \* \*

\* \* \* \* \* \* \*

Except in cases described in paragraphs (6) and (7), such adjustment shall be made only if there is adopted in the determination a position maintained by the Commissioner (in case the amount of the adjustment would be refunded or credited in the same manner as an overpayment under subsection (c)) or by the taxpayer with respect to whom the determination is made (in case the amount of the adjustment would be assessed and collected in the same manner as a deficiency under subsection (c)), which position is inconsistent with the erroneous inclusion, exclusion, omission, allowance, disallowance, recognition, or nonrecognition, as the case may be. \* \* \*

the tax save with respect to the influence of the particular items involved in the adjustment.

Also, Regulations 118, section 39.3801 (b)–7, provide, in part:

(2) An adjustment which would result in an additional assessment is not authorized if the Commissioner, and not the taxpayer, has maintained such inconsistent position.

The petitioner consistently for a number of years reported the additional rents in its income for the fiscal years during which they became payable rather than for the fiscal years with respect to which they were payable. With respect to the fiscal years 1946 and 1947, the respondent determined that the petitioner's method of reporting was erroneous and that the additional rent reported for the fiscal year 1948 was income for the fiscal year 1947 and the additional rent reported for the fiscal year 1947 was income for the fiscal year 1946. In making his determination with respect to the fiscal year 1947, he eliminated from income the additional rent which had been reported for that year and included only the additional rent which had been reported for the fiscal year 1948. In making his determination for the fiscal year 1946, he did not, consistently with his action as to the fiscal year 1947, eliminate from income the additional rent reported for the fiscal year 1946. Instead he made no adjustment of the additional rent reported for that year but also included the amount which had been reported for the fiscal year 1947. By its alternative contention in the prior proceeding, the petitioner pointed out the inconsistency in the respondent's treatment of the additional rent in the respective years. We there concluded that the additional rent reported for the fiscal year 1947 was to be included in income for the fiscal year 1946 but that the amount reported for that year was not to be included.

By his determination as to the fiscal year 1945 which is controverted in the instant proceeding, the respondent has placed himself in the same position he occupied in the prior proceeding with respect to the fiscal year 1946. His position there was inconsistent with his action as to the fiscal year 1947. Likewise, his position here is inconsistent with his action as to that year. To us it appears that the respondent is here persisting in an inconsistency which was pointed out to him in the prior proceeding and which was there held not to be tenable. The respondent, not the petitioner, has taken inconsistent positions.

From our consideration of the pertinent provisions of section 3801, their legislative history, and the decisions relative thereto, including *Albert W. Priest Trust*, 6 T. C. 221; *First National Bank of Philadelphia*, 18 T. C. 899, affd. 205 F. 2d 82; and *D. A. MacDonald, supra*, relied on by respondent, we are unable to conclude that such provisions were intended to permit the assessment of a deficiency under the circumstances here presented. Accordingly, we hold that assessment

of the deficiencies in controversy is barred by expiration of the period of limitations provided in section 275 (a) of the Code.

In view of the foregoing it becomes unnecessary to consider the alternative contentions made by petitioner.

*Decision will be entered for the petitioner.*