Estate of Donald F. Ochs, Deceased, Roberta Ochs Dingmann, Executrix, and Roberta C. Dingmann v. Commissioner. Alfred L. Ochs and Verna L. Ochs v. Commissioner.
Estate of Ochs v. Commissioner
Docket Nos. 3566-63 and 3567-63.
United States Tax Court
T.C. Memo 1966-71; 1966 Tax Ct. Memo LEXIS 212; 25 T.C.M. (CCH) 399; T.C.M. (RIA) 66071; April 6, 1966
Lawrence J. Hayes, for the petitioners. Marvin F. Peterson, for the respondent. SCOTT
Memorandum Opinion SCOTT, Judge: Respondent determined a deficiency in the income tax of the Estate of Donald F. Ochs, Deceased, Roberta Ochs Dingmann (Formerly Roberta C. Ochs) Administratrix and/or Executrix and Roberta C. Dingmann (Formerly Roberta C. Ochs) for the calendar year 1948 in the amount of $11,094.38 and determined a deficiency in the income tax of Alfred L. Ochs and Verna L. Ochs for the calendar year 1948 in the amount of $10,237.70. The sole issue for decision is whether the assessments are barred by the statute of limitations, the parties agreeing that at the time the notices of deficiency were issued the statute of limitations had expired unless the provisions of sections 1311 through 1315 of the Internal Revenue Code of 1954 are applicable to remove the bar. All of the facts have been stipulated. The stipulated facts including *214 the exhibits attached to the stipulation which, except for the tax returns filed for the calendar year 1948 by Donald F. Ochs and Roberta C. Ochs, and Alfred L. Ochs and Verna L. Ochs, consist of the report of the Commissioner of the United States Court of Claims, the opinion of that Court, and pleadings and other documents filed by the parties in the cases in the United States Court of Claims of Alfred L. Ochs v. United States, No. 362-56; Alfred L. Ochs and Wife, Verna L. Ochs v. United States, No. 363-56; Roberta Ochs, Executrix of Estate of Donald F. Ochs, Deceased v. United States, No. 364-56; Roberta Ochs, Individually, as the Surviving Wife of Donald F. Ochs, Deceased; as well as the Executrix of the Estate of Donald F. Ochs, Deceased v. United States, No. 365-56, are found accordingly and incorporated herein by this reference to the same extent as if fully set forth herein. The lengthy documents and other stipulated facts are summarized only to the extent necessary to an understanding of the issue. Donald F. Ochs, Deceased, and Roberta C. Ochs were, during all of the periods here involved, husband and wife residing in Faribault, Minnesota. They filed a joint Federal income *215 tax return for the calendar year 1948 with the district director of internal revenue for the District of Minnesota. Alfred L. Ochs and Verna L. Ochs, husband and wife residing in Faribault, Minnesota, filed a joint Federal income tax return for the calendar year 1948 with the district director of internal revenue for the District of Minnesota. Donald F. Ochs (hereinafter referred to as Donald) and Alfred L. Ochs (hereinafter referred to as Alfred) each received a long-term capital gain in the amount of $47,248.26 upon the liquidation of Ochs Brothers, Incorporated. Neither Donald nor Alfred reported any portion of this capital gain on their respective joint income tax returns for the calendar year 1948. During the year 1950, the income tax returns for the calendar year 1947 of Donald and Alfred and their respective wives were examined by representatives of the Internal Revenue Service. As a result of the examination and subsequent conferences, the long-term capital gain received by Donald and Alfred upon the liquidation of Ochs Brothers, Incorporated, was included as a part of their respective taxable incomes for the calendar year 1947 and the tax determined to be due as a result *216 of this adjustment was collected from each of them pursuant to a waiver of restrictions on assessment and collection of deficiency in tax signed by each of them. On July 30, 1953, Alfred and his wife and Roberta C. Ochs, as executrix of the Estate of Donald F. Ochs (Donald having died in 1952) and in her own right, filed claims for refund of the tax so collected as a deficiency, which in the case of Alfred was $9,958.50 plus interest of $2,099.46, and in the case of Donald, $9,490.78 plus interest of $2,000.86. These claims were denied by the district director of internal revenue, and on August 27, 1956, the claimants filed petitions in the United States Court of Claims seeking refunds of taxes for the year 1947, the petition filed by Alfred and his wife being given Docket No. 363-56, and the one filed by Roberta Ochs, individually, and as executrix of Donald's estate being assigned Docket No. 365-56. The allegations in each of these petitions were in substance the same. The petitions set forth in some detail facts with respect to the incorporation of Ochs Brothers, Incorporated; the expiration of its charter on March 25, 1944; that Donald and Alfred continued to carry on the *217 business using the name, "Ochs Brothers, Incorporated"; that on February 11, 1948, Alfred and Donald prepared and entered into written articles of partnership declaring themselves to be the owners of the assets, property, and capital used in the trade or business theretofore carried on in the name and style of Ochs Brothers, Incorporated; that the business conducted by Donald and Alfred after March 25, 1944, in the name of Ochs Brothers, Incorporated, was a proprietary business and not an association taxable as a corporation, but that if the business conducted by Donald and Alfred after March 25, 1944, under the name of Ochs Brothers, Incorporated, constituted them an association taxable as a corporation, then nothing transpired from March 25, 1944, until February 11, 1948, to change the status of the business, and the only date on which a capital gain on liquidation could be recognized was February 11, 1948, when the alleged association of Ochs Brothers, Incorporated, was liquidated by the execution of articles of partnership. On August 27, 1956, Alfred and Roberta Ochs, as executrix of Donald's estate, each filed a petition in the United States Court of Claims which petitions were *218 given Docket Nos. 362-56 and 364-56, respectively. Each of these petitions claimed refunds of amounts alleged to have been paid by Alfred and Donald on assessments made against Ochs Brothers, Incorporated, for the fiscal years ended January 31, 1945, 1946, and 1947. Numerous allegations were made in support of the claimed refunds of taxes among which was that the business which Alfred and Donald conducted after March 25, 1944, in the name of Ochs Brothers, Incorporated, was not properly taxable as a corporation since under Minnesota law, the corporation ceased to exist for all purposes except the winding up of its affairs on the expiration of its charter on March 25, 1944, and ceased to exist for all purposes 3 years thereafter on March 25, 1947. The defendant in the four cases filed answers which in general denied the allegations of the petitions. The four cases were consolidated for trial and opinion. Petitioners, in their requested findings of fact filed in the consolidated cases, stated that Ochs Brothers, Incorporated, could not be deemed to have been liquidated on January 31, 1947, as proposed by officials of the Internal Revenue Service, in that from and after March 25, 1944, the *219 business conducted in the name of Ochs Brothers, Incorporated, continued uninterruptedly until February 11, 1948. The Commissioner of the Court of Claims filed his report on May 12, 1961, setting forth findings in 43 separately numbered paragraphs. One of these findings was that no change in the manner of conducting the Ochs' mercantile enterprise occurred on January 31, 1947, or at any other time until after the discovery in December of 1947 that the charter of the corporation had expired on March 25, 1944, and the entries made in the books of the enterprise closing out the capital stock and surplus account of the corporation as of February 28, 1947, and opening the capital account of the partnership were made retroactively in February 1948. On November 13, 1961, the plaintiffs in the four cases pending in the Court of Claims filed Request for Special Findings of Fact and Brief, in which one of the special findings of ultimate fact which the Court was requested to make in cases No. 363-56 and No. 365-56 was that "the 'corporate entity' of 'OCHS BROS, INC.,' and/or the business conducted in the trade-name of 'OCHS BROS. INC.' for the periods or fiscal years ending January 31st, *220 1945, 1946, 1947 and 1948, was not liquidated by a complete distribution of assets or properties until February 11th, 1948." The Opinion of the United States Court of Claims in the four consolidated cases was rendered on July 18, 1962. The Court of Claims held that no gain was realized by Alfred and Donald from the liquidation of Ochs Brothers, Incorporated, in 1947 since "they did not presently receive corporate property from liquidation until the year 1948." The Court, in its opinion stated: * * * Plaintiffs assert that no gain was realized until 1948 and rely primarily on the fact that on February 11, 1948, all outstanding stock of Ochs Brothers, Incorporated, was surrendered and canceled. Respondent, on May 1, 1963, issued a notice of deficiency to Alfred L. Ochs and Verna L. Ochs, and on May 22, 1963, issued a notice of deficiency to the Estate of Donald F. Ochs, Deceased and Roberta C. Dingmann (Formerly Roberta C. Ochs), in each notice determining that a capital gain was realized from the liquidation of Ochs Brothers, Incorporated, in 1948 and stating that the determination was made in accordance with the provisions of sections 1311 through 1315 of the Internal Revenue Code *221 of 1954. [1]
*222 The sections relied on by respondent as lifting the bar of the statute of limitations are generally referred to as the mitigation sections. The general purpose of these sections is to permit a tax adjustment in a year otherwise barred by the statute of limitations in certain limited circumstances in which either a taxpayer or the respondent has taken an inconsistent position with respect to an item of income or a deduction for another year. For the respondent to have the bar of the statute as to a year lifted for the one-year period after a determination for another year becomes final, the inconsistent position must have been taken by the taxpayer. One of the circumstances removing the bar on the assessment of a deficiency by respondent where an inconsistent position is taken by the taxpayer is where the determination requires the exclusion from gross income of an item with respect to which tax was paid and which was erroneously excluded or omitted from the gross income of that taxpayer for another taxable year. In the instant case both parties recognize that the decision of the Court of Claims in Cases No. 363-56 and No. 365-56 constituted a determination which required the exclusion *223 from gross income of an item with respect to which tax was paid in 1947, which item (the gain on liquidation of Ochs Brothers, Incorporated) was erroneously excluded or omitted by the same taxpayers from their gross income for the year 1948. The only contention by petitioners that the provision of the statute removing the bar on the assessment of the deficiency resulting from the omission in 1948 is not applicable, is that the determination made by the Court of Claims did not adopt a position maintained by them which is inconsistent with the exclusion of the gain on the liquidation of Ochs Brothers, Incorporated, from their 1948 income. Throughout the pleadings and argument in the cases in the Court of Claims, petitioners maintained the position that if it were not determined that Ochs Brothers, Incorporated, was liquidated and its assets distributed to Alfred and Donald when its charter expired on March 25, 1944, then the date of such distribution was not prior to February 11, 1948, when the partnership agreement was entered into and formal action taken to surrender the stock of Ochs Brothers, Incorporated. In their submission after the report of the findings of the Commissioner *224 of the Court of Claims petitioners specifically requested a finding that 1948 was the year of liquidation by distribution of assets of Ochs Brothers, Incorporated. It is petitioners' argument, however, that the position that they took in the cases in the Court of Claims was an alternative one forced on them by the position taken by the respondent. Though never in such words stated, the import of petitioners' argument is that if respondent had not taxed the business operated by Alfred and Donald for the fiscal years ended January 31, 1945, 1946, and 1947 in the name of Ochs Brothers, Incorporated, as an association taxable as a corporation, and in effect forced Alfred and Donald to pay deficiencies in the corporate taxes so determined, then petitioners would not have taken the position that the liquidation did not occur until February 11, 1948. In our opinion the determination by respondent with respect to taxing as a corporation the business conducted in the name of Ochs Brothers, Incorporated, in no way made it necessary for petitioners to contend that the liquidating dividend from Ochs Brothers, Incorporated, was not received until February 11, 1948, for consistent with their *225 position in those cases that from and after March 25, 1944, the business was operated as a partnership of Alfred and Donald even though operated in the corporate name, petitioners could well have maintained the sole position that the liquidating dividend, if any, was received by them on March 25, 1944. This, they did not choose to do, but chose to take the position that the dividend was received either on March 25, 1944, or February 11, 1948, finally taking the specific position that February 11, 1948, was the date of the receipt of the liquidating dividend. Under these facts, this case is distinguishable from the cases of Heer-Andrews Investment Co., 22 T.C. 385 (1954), and Commissioner v. Goldstein's Estate, 340 F. 2d 24 (C.A. 2, 1965), affirming a Memorandum Opinion of this Court, relied on by petitioners. In each of those cases the conclusion that the determination was not as a result of a position taken by the taxpayer was based on the premise that in the prior determination respondent's position had been sustained with certain modifications required under the facts which modifications had been pointed out by the taxpayer as being applicable only if *226 respondent's position were sustained. The distinction between these cases and the instant case is demonstrated by our holding in Estate of A. W. Sorelle, 31 T.C. 272 (1958), cited in Commissioner v. Goldstein's Estate, supra.In that case two separate situations existed which respondent had adjusted, purportedly pursuant to the provisions of sections 1311 through 1315. The first situation involved an issue determined in a prior case of whether a hybrid method of accounting, the cash receipts and disbursements method, or an accrual method should be used, the taxpayer having reported its income on a hybrid method and contending in the prior case that the cash receipts and disbursements method was proper. In the prior case the Court had determined that an accrual method was a proper method of accounting, and in so determining had excluded receipts in January of the year there involved for sales made in December of the prior year. In concluding that the provisions of sections 1311 through 1315 were inapplicable, we held that the earlier decision was based on respondent's regulations and was opposed to the taxpayer's position. The other item for which adjustment *227 was made by respondent, purportedly pursuant to the authority of sections 1311 through 1315, was with respect to inventories. Respondent had increased the closing inventory of the taxpayer for the year 1946, the year involved in the prior determination, and the taxpayer had opposed such increase which arose from a change of method of valuation, but had contended in the alternative that if respondent were correct in the method used for valuation of the closing inventory for the year 1946, the opening inventory for that year should be valued on a similar basis, thus increasing that inventory and reducing 1946 income. In the prior determination, the Court sustained the taxpayer's alternative contention and re-valued the 1946 inventory, thus reducing 1946 income. In holding that respondent was entitled, under the provisions of sections 1311 through 1315, to have the bar of the statute of limitations removed with respect to the tax deficiencies for the year 1945 resulting from increasing the 1945 closing inventory since the item was one with respect to which the taxpayer had taken an inconsistent position, we concluded that these facts presented precisely the type of situation which is *228 governed by the statutory provisions. The situation in the instant case is even a stronger one for the application of the provisions of section 1311 through 1315 since as we pointed out, nothing in respondent's determination or position in the prior case made it necessary for petitioners to take the position that the liquidating dividend was not received until February 11, 1948. Also even the determination or position by respondent, which petitioners contend forced them to take the alternative position that the dividend was not received until February 11, 1948, was not in the cases of these taxpayers, involving the issue with respect to the receipt of the dividend, but in other cases of two of the same taxpayers involving taxes paid because of a determination of corporate tax liability against the business operated as Ochs Brothers, Incorporated. Throughout the prior cases, petitioners urged the theory that the liquidating dividend could not have been received until February 11, 1948 (See Karpe v. United States, 335 F. 2d 454 (Ct. Cls., 1964), certiorari denied 379 U.S. 964 (1965)), and it was precisely this position urged by petitioners which was adopted *229 by the Court of Claims in the prior case. See Dobson v. United States, 330 F. 2d 646 (Ct. Cls., 1964), and Daniel M. Cory, 29 T.C. 903 (1958), affd. 261 F. 2d 702 (C.A. 2, 1958). We hold that the provisions of sections 1311 through 1315 remove the bar of the statute of limitations with respect to the inclusion in petitioners' income in 1948 of the liquidating dividend received upon the liquidation of Ochs Brothers, Incorporated. Decisions will be entered for respondent. Footnotes
1. SEC. 1311. CORRECTION OF ERROR. (a) General Rule. - If a determination (as defined in section 1313) is described in one or more of the paragraphs of section 1312, and on the date of the determination, correction of the effect of the error referred to in the applicable paragraph of section 1312 is prevented by the operation of any law or rule of law, other than this part and other than section 7122 (relating to compromises), then the effect of the error shall be corrected by an adjustment made in the amount and in the manner specified in section 1314. (b) Conditions Necessary for Adjustment. - (1) Maintenance of an inconsistent position. - Except in cases described in paragraphs (3)(B) and (4) of section 1312, an adjustment shall be made under this part only if - * * *
(B) in case the amount of the adjustment would be assessed and collected in the same manner as a deficiency under section 1314, there is adopted in the determination a position maintained by the taxpayer with respect to whom the determination is made, and the position * * * maintained by the taxpayer in the case described in subparagraph (B) is inconsistent with the erroneous inclusion, exclusion, omission, allowance, disallowance, recognition, or nonrecognition, as the case may be. * * *
SEC. 1312. CIRCUMSTANCES OF ADJUSTMENT. * * *
(3) Double exclusion of an item of gross income. - (A) Items included in income. - The determination requires the exclusion from gross income of an item included in a return filed by the taxpayer or with respect to which tax was paid and which was erroneously excluded or omitted from the gross income of the taxpayer for another taxable year, or * * *
SEC. 1313. DEFINITIONS. (a) Determination. - For purposes of this part, the term "determination" means - (1) a decision by the Tax Court or a judgment, decree, or other order by any court of competent jurisdiction, which has become final; * * *
(b) Taxpayer. - Notwithstanding section 7701(a)(14), the term "taxpayer" means any person subject to a tax under the applicable revenue law. SEC. 1315. EFFECTIVE DATE. (a) In General. - This part shall apply only to determinations (as defined in section 1313(a)) made after the 90th day after the date of enactment of this title.↩