The MORRISDALE COAL MINING COMPANY
v.
The UNITED STATES.

No. 369–54.
United States Court of Claims.
June 5, 1956.

Dewey R. Roark, Jr., Washington, D. C., for plaintiff. George E. H. Goodner, Washington, D. C., was on the briefs.

Gilbert E. Andrews, Washington, D. C., with whom was Asst. Atty. Gen., Charles K. Rice, for defendant. Andrew D. Sharpe, Washington, D. C., was on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LARAMORE, Judge.

The plaintiff sues to recover $10,958.85 of the excess profits tax paid by it for the calendar year 1943. The sole issue presented is whether section 3807 of the Internal Revenue Code of 1939, as amended, 26 U.S.C. § 3807, 26 U.S.C.A. Int.Rev. Acts, page 488, is applicable to the case.

Both parties have moved for summary judgment.

The facts are not in dispute and may be summarized as follows. On May 24, 1945, plaintiff filed with the Commissioner of Internal Revenue a timely claim under the provisions of section 721, 26 U.S.C.A. Excess Profits Taxes, § 721, for relief and refund of part of its excess profits tax paid for 1943. The Commissioner denied the claim, and a proceeding designated Tax Court Docket No. 16270 was instituted. The Tax Court held that plaintiff was entitled to relief and a refund of excess profits tax under section 721, 13 T.C. 448. The court entered its decision on September 14, 1950, that plaintiff had overpaid its excess profits tax for 1943 in the amount of $22,415.84. The decision was based upon a rule 50 computation and supplement thereto filed by plaintiff, to which the Commissioner made no objection. The computation was limited to a recomputation of plaintiff's excess profits tax liability giving effect to section 721. There was no recomputation therein of plaintiff's income tax liability, nor was effect given to sections 26(e) and 710(a) (1) (B), 26 U.S.C.A. Int.Rev.Acts, page 172 and 26 U.S.C.A. Excess Profits Taxes, § 710(a) (1) (B).

The Commissioner issued a notice of deficiency in income tax to plaintiff on February 9, 1951, for the taxable year 1943, in the amount of $10,549.34. The deficiency was based on a reduction of the adjusted excess profits net income in accordance with the decision of the Tax Court in Docket No. 16270 and the consequent downward adjustment of the credit allowable under section 26(e) in determining normal tax and surtax net income. The plaintiff appealed to the Tax Court in a proceeding designated Docket No. 34214. The Tax Court held that the adjustments made by the Commissioner were proper, 21 T.C. 393, and entered its decision on March 11, 1954, that there was a deficiency in income tax for 1943 in the amount of $10,549.34. The plaintiff paid the deficiency on August 2, 1954.

The plaintiff filed a claim for refund on February 3, 1954, for $10,958.85 of the excess profits tax paid for the calendar year 1943. The claim was based on the ground that the increased income tax liability for 1943, as determined by the Tax Court in Docket No. 34214, resulted in a decrease in plaintiff's excess profits tax liability under section 710(a) (1) (B). The claim was denied on September 3, 1954, and suit was filed on September 22, 1954.

The plaintiff contends that it falls squarely within the purview of section 3807.[1] The defendant concedes that plaintiff is entitled to recover if section 3807 is applicable. The defendant argues, however, that section 3807 is inapplicable and therefore the claim is barred by the statute of limitations and *res judicata*.

We agree with plaintiff that it falls squarely within the purview of section 3807. This section was designed to allow the collection or refund of related taxes under circumstances designated therein regardless of, *inter alia*, the statute of limitations or *res judicata*. See House Conference Report No. 1079, 78th Congress, 2d session, 72 et seq.; 1944 C.B. 1082–1085. "Section 3807 may, of course, operate several times upon the same tax, and likewise may operate simultaneously on several taxes." (At page 74.) This

section requires that there be a determination with respect to a chapter 1 (income) or chapter 2 (excess profits) tax involving a deficiency, credit, or overpayment. In the instant case the Tax Court in Docket No. 34214 determined that there was a deficiency in plaintiff's income tax for 1943.

This section requires that the application of the law or facts determined in the ascertainment of such deficiency or overpayment to any other such tax of the taxpayer (income or excess profits) for the same year result in an increase or decrease in the amount of the tax previously determined in respect of such other tax. In the instant case the Tax Court determination in Docket No. 34214 increased plaintiff's income tax liability for 1943. This increased income tax liability, when added to plaintiff's excess profits tax liability, exceeds 80 percent of plaintiff's surtax net income and, as a matter of law, plaintiff's excess profits tax liability under section 710(a) (1) (B) is decreased to an amount which, when added to its income tax liability, does not exceed 80 percent of its surtax net income. The plaintiff seeks to recover the excess profits tax overpayment resulting from this decrease.

If the above provisions are met and the assessment of the resulting deficiency or the refund of the resulting overpayment

1. "3807 * * * (b) *Extension of Period of Limitations.* If—(1) under a determination in respect of a tax imposed by Chapter 1 or Chapter 2, a deficiency is assessed or a credit or refund of an overpayment is allowed, within the period of limitations properly applicable thereto, and (2) the application of the law or facts determined in the ascertainment of such deficiency or overpayment to any other such tax of the taxpayer under Chapter 1 or Chapter 2 for the same taxable year would result in an increase or decrease in the amount of the tax previously determined in respect of such other tax, and (3) on any date prior to the expiration of one year from the assessment of a deficiency or the allowance of a credit or refund in respect of the tax referred to in paragraph (1), the assessment of a deficiency or the allowance of a credit or refund in respect of the tax referred to

in paragraph (2) is prevented (except for the provisions of section 3801 or 734) by the operation (whether before, on, or after the date of enactment of the Revenue Act of 1943) of any law or rule of law other than this section and other than section 3761 (relating to compromises), then upon such date the increase or decrease in the tax referred to in paragraph (2) shall be considered a deficiency or an overpayment, as the case may be. Such deficiency may be assessed and collected or such overpayment may be credited or refunded as if on the date the deficiency is assessed or the credit or refund allowed in respect of the tax referred to in paragraph (1) one year remained before the expiration of the periods of limitation upon assessment or filing claim for refund in respect of the tax referred to in paragraph (2) for the same taxable year."

is barred by the operation of any law or rule of law, other than section 3761, 26 U.S.C.A. § 3761, relating to compromises, the bar is lifted for a period of one year from the determination of the first described tax. The plaintiff's claim would, of course, be barred by the usual statute of limitations and by *res judicata*, but for this section. Plaintiff's claim was filed within the 1-year period allowed by this section.

This same issue was presented to the Tax Court in Docket No. 34214 in connection with the application of section 3807 to the income tax deficiency that arose because of the overpayment of excess profits tax resulting from relief under section 721. We agree with the Tax Court's decision that section 3807 was applicable to the income tax deficiency and for the same reason believe that it is applicable to the resulting excess profits tax overpayment.

The defendant's reference to subsection (c)[2] is without merit. That section restricts the changes to be made in the redetermination or recomputation to items; i. e., depreciation, basis of property, gain or loss on sale, etc., which were the subject of the prior determination or affected thereby. See House Conference Report No. 1079, supra, at page 74. Therefore, the fact as defendant contends that the second Tax Court proceeding did not change any item, within the meaning of subsection (c) of section 3807, is irrelevant.

As shown above, the second Tax Court proceeding determined an income tax deficiency, which determination when applied to the excess profits tax for that year resulted, by operation of section 710

(a) (1) (B), in the excess profits tax overpayment sought to be recovered in this suit. These taxes should, if possible, be settled in one proceeding; however, section 3807 allows their separate settlement, if such need be the case.

The plaintiff is entitled to recover. Plaintiff's motion for summary judgment is granted, and defendant's motion for summary judgment is denied. Judgment will be entered for plaintiff in the amount of $10,958.85, with interest as provided by law.

It is so ordered.

2. "(c) *Adjustment Unaffected by Other Items, Etc.*—In determining whether an increase or decrease in the amount of the tax previously determined shall be considered to result from the application of the law or facts under a determination referred to in subsection (b) (1) changes shall be made in items which are the subject of such determination and in items which are affected thereby, and in no others. The amount which may be assessed or allowed as a credit or refund under subsection (b) shall not be diminished by any credit or set-off based upon any item which was not the subject of such determination or affected thereby. Such amount, if paid, shall not be recovered by a claim or suit for refund or suit for erroneous refund based upon any item which was not the subject of such determination or affected thereby, except in connection with a subsequent application of this section."