MERRIMAC HAT CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 50382. Filed August 18, 1959.

*Carl J. Marold, Esq.,* for the petitioner.
*J. M. Doukas, Esq.,* and *M. K. Leiter, Esq.,* for the respondent.

OPINION.

HARRON, *Judge:* The petitioner, a Massachusetts corporation having its office in Amesbury, Massachusetts, filed its excess profits tax return and its income tax return for 1942 with the collector of internal revenue for the district of Massachusetts.

Under section 3807, 1939 Code, the respondent determined that there is an income tax deficiency for 1942 in the amount of $8,429.85, to be assessed, out of a total deficiency of $31,785.78.

The petitioner contends that there is no income tax deficiency to be assessed because it overpaid excess profits tax for 1942 in the gross amount of $64,366.21, against which the total income tax deficiency should be offset.

Although petitioner overpaid excess profits tax in the amount of $64,366.21, only $17,070.45 is refundable. Refund of the balance is barred under sections 729(a) and 322(b). Petitioner objects to the method adopted by respondent in applying section 3807 whereby he has determined that there is an income tax deficiency to be assessed in the amount of $8,429.85, because if that determination stands the allowable portion of the overpaid excess profits tax which is refundable will be applied to the amount of the income tax deficiency which the respondent has determined to be assessable and it will receive refund of a net amount of only $8,640.60, rather than $17,070.45.

No question is raised in the pleadings relating to the jurisdiction of this Court to consider the question presented under section 3807. The parties have proceeded upon the basis that the only question before us is whether the respondent has correctly applied the provisions of section 3807 in determining a deficiency in income tax for 1942. That question is considered hereinafter, but it is necessary first to state the background against which the respondent made a determination under section 3807. There is no dispute about the facts. The stipulated facts are found as stipulated.

The dispute between the parties results from the determination of petitioner's excess profits tax liability under the World War II Excess Profits Tax Act. The Commissioner granted relief from excess profits tax for 1942 under section 722. The relief granted resulted in reduction of petitioner's "adjusted excess profits net income." It followed as a matter of law under section 26(e) of the 1939 Code that the amount of the excess profits credit was reduced, thereby increasing the amount of petitioner's income tax for 1942.

The excess profits tax on corporations for the taxable year was imposed under the provisions of subchapter E of chapter 2 of the 1939 Code; whereas, the income tax on corporations for the same year was imposed under chapter 1. The two taxes, imposed under chapter 1 and chapter 2, respectively, are related taxes by reason of the so-called two-basket approach which is followed in computing them. See *Ambassador Hotel Co. of Los Angeles*, 32 T.C. 208. With respect to the above explanation, there is no dispute between the parties.

Section 3807, applicable to years beginning after December 31, 1939, applies to the taxable year 1942. Repeal thereof by section 304 of the Excess Profits Tax Act of 1950 is effective only for taxable

years ending after June 30, 1950. *Ambassador Hotel Co. of Los Angeles, supra.*

Section 3807 extends the period of limitations where an assessment is made or a credit or refund is allowed or made with respect to a tax imposed by chapter 1 (the general income tax provisions) or chapter 2 (covering other taxes including the excess profits tax), "if the application of the law or facts resulting in the changed liability would result in increasing or decreasing the liability with respect to the same taxable year as to some tax imposed by the chapters of the 1939 Code mentioned other than the one under which the determination was made." 10 Mertens, Law of Federal Income Taxation (Zimet Rev.), par. 57.77; *Morrisdale Coal Mining Co.*, 21 T.C. 393, 396. In this case, the determination which was made by the Commissioner was the reduction of the amount of the excess profits tax for 1942 (resulting in a partially refundable overpayment), which by application of law resulted in an increase in the amount of the income tax for the same year above the amount previously determined. The problem here grows out of the operation of the statute of limitations, as the following shows.

Petitioner filed its income and excess profits tax returns for 1942 on May 27, 1943, which was within an extended period granted by the respondent. Petitioner reported excess profits tax in the amount of $92,132.60, which was paid in four installments, the last one being paid on December 15, 1943. The respondent determined a deficiency in excess profits tax in the amount of $17,070.45, which was paid on October 23, 1945. Accordingly, petitioner paid excess profits tax for 1942 in the total amount of $109,203.05.

Petitioner filed, on October 16, 1947, a claim for refund of excess profits tax for 1942 based upon an application for excess profits tax relief under section 722. Relief was granted as a result of which it developed that petitioner had overpaid excess profits tax in the amount of $64,366.21; but only $17,070.45 thereof had been paid within 2 years before the filing of the above-mentioned claim for refund filed on October 16, 1947, namely the amount paid as a deficiency on October 23, 1945. Under section 322(b) refund of $47,295.76 was barred. Respondent's determination of a deficiency in income tax for 1942 under section 3807 was made within 1 year after his determination allowing a credit or refund of overpayment of excess profits tax for the same year in the amount of $17,070.45, refund of which amount was not barred.

With respect to petitioner's 1942 income tax: In its income tax return petitioner reported tax in the amount of $139,564.22, which was paid in four installments, the last one being paid on Decem-

ber 15, 1943. In its income tax return petitioner took a credit for "adjusted excess profits net income" in the amount of $113,743.95. The excess profits tax relief allowed by the respondent resulted in a downward adjustment in the amount of the excess profits net income credit, thereby increasing the amount of the 1942 income tax to $171,350, so that there was a resulting income tax deficiency in the amount of $31,785.78. The determination of the income tax deficiency was made on June 9, 1953, the date of the deficiency notice. The general period of limitation under section 275 (beginning with the date on which the income tax return was filed, May 27, 1943), within which the respondent could determine a deficiency had expired long before June 9, 1953, but under the circumstances and the facts, the respondent made a determination of a deficiency in income tax for 1942 under the provisions of section 3807. However, the amount of the deficiency to be assessed which he determined was not $31,785.78; rather, the income tax deficiency to be assessed was determined to be $8,429.85, which amount represented an adjustment of the deficiency of $31,785.78 on the basis of the refundable amount of the overpayment of excess profits tax, $17,070.45.

Respondent's method of computing the amount of the income tax deficiency to be assessed is based on the premise that the income tax deficiency for 1942 is independent of the overpayment of 1942 excess profits tax. Instead of first applying the total income tax deficiency of $31,785.78 against the actual overpayment of excess profits tax in the amount of $64,366.21, he has related the income tax deficiency to the refundable amount of the excess profits tax overpayment, $17,070.45, by the use of an algebraic equation which results in a liability for an additional payment of income tax of $8,429.85. In the deficiency notice the respondent stated:

Under the provisions of section 3807 * * * the 1942 deficiency in income tax of $8,429.85 has been computed by using only the amount of $17,070.45 as the credit or overpayment of excess profits tax.

That is to say, respondent has refused to use the amount of $64,366.21 "as the credit or overpayment of excess profits tax."

The respondent used the following ratio in computing the assessable amount of the income tax deficiency:

$$\frac{31,785.78}{64,366.21} \times 17,070.45 = 8,429.85$$

The effect of the respondent's computation is that although petitioner received excess profits tax relief to the extent of a reduction in excess profits tax of $64,366.21, which exceeds the related increase in income tax of $31,785.78, petitioner is assessed an additional amount of income tax of $8,429.85, so that the respondent, if sustained, will

have actually collected $72,796.06, of which only $17,070.45 is refundable, and a net amount of $55,725.61 for the two related taxes is retained by the respondent even though he determined that the relief from excess profits tax to which petitioner is entitled involves a net overpayment (excess profits tax) of $32,580.43. Thus, the petitioner contends, the entire "balance" between the related taxes is distorted and the "relief" actually received by petitioner would amount to only $8,640.60, instead of the allowable refund of $17,070.45. The following schedule summarizes the accounting for the two taxes:

EXCESS PROFITS TAX—1942

| | |
|---|---|
| Total tax paid | $109, 203. 05 |
| Tax due after relief | 44, 836. 84 |
| Tax overpaid | 64, 366. 21 |

INCOME TAX—1942

| | |
|---|---|
| Tax reported and paid | $139, 564. 22 |
| Tax due after excess profits tax relief | 171, 350. 00 |
| Deficiency | 31, 785. 78 |

PETITIONER'S CONTENTION

| | |
|---|---|
| Overpayment of excess profits tax | $64, 366. 21 |
| Deficiency in income tax | 31, 785. 78 |
| Net overpayment | 32, 580. 43 |
| Amount refundable | 17, 070. 45 |
| Refund barred | 15, 509. 98 |

RESPONDENT'S COMPUTATION

| | |
|---|---|
| Overpayment of excess profits tax | $64, 366. 21 |
| Income tax deficiency to be assessed | 8, 429. 85 |
| Total collected and to be collected | 72, 796. 06 |
| Refundable excess profits tax | 17, 070. 45 |
| Refund barred | 55, 725. 61 |

NET AMOUNT REFUNDABLE

| | |
|---|---|
| Allowable credit or refund, excess profits tax | $17, 070. 45 |
| Income tax deficiency to be assessed, income tax | 8, 429. 85 |
| Net allowable refund, excess profits tax | 8, 640. 60 |

The provisions of section 3807 are set forth in the margin.[1] We turn now to the contentions of the petitioner that "[s]ection 3807 is inapplicable where the increase in the amount of income tax previously determined, resulting from the determination of an overpayment of excess profits tax, is not in excess of the portion of that overpayment not allowed because of the bar of the statute of limitations." Petitioner contends, in the alternative, that "if section 3807 is applicable and has been properly applied by the respondent, then the deficiency in income tax determined [$8,429.85] should be set off against the barred overpayment of excess profits tax [$47,295.76]." Petitioner relies on *Pine Hill Crystal Spring Water Co.* v. *United States*, 121 F. Supp. 480, involving a determination of an income tax deficiency under section 3807 under similar facts.

The issue here, as in the *Pine Hill Crystal Spring Water* case, is the construction to be given section 3807(b). In general, the provisions of that section apply here because all of the items which are a

[1] SEC. 3807. PERIOD OF LIMITATIONS IN CASE OF RELATED TAXES UNDER CHAPTER 1 AND CHAPTER 2.

(a) DEFINITIONS.—As used in this section—

(1) The term "tax previously determined" shall have the meaning assigned to such term by section 3801(d).

(2) The term "the same taxable year" shall include any taxable year which coincides in whole or in part with the taxable year for which the determination referred to in subsection (b) is made.

(b) EXTENSION OF PERIOD OF LIMITATIONS.—If—

(1) under a determination in respect of a tax imposed by Chapter 1 or Chapter 2, a deficiency is assessed or a credit or refund of an overpayment is allowed, within the period of limitations properly applicable thereto, and

(2) the application of the law or facts determined in the ascertainment of such deficiency or overpayment to any other such tax of the taxpayer under Chapter 1 or Chapter 2 for the same taxable year would result in an increase or decrease in the amount of the tax previously determined in respect of such other tax, and

(3), on any date prior to the expiration of one year from the assessment of a deficiency or the allowance of a credit or refund in respect of the tax referred to in paragraph (1), the assessment of a deficiency or the allowance of a credit or refund in respect of the tax referred to in paragraph (2) is prevented (except for the provisions of section 3801 or 734) by the operation (whether before, on, or after the date of enactment of the Revenue Act of 1943) of any law or rule of law other than this section and other than section 3761 (relating to compromises),

then upon such date the increase or decrease in the tax referred to in paragraph (2) shall be considered a deficiency or an overpayment, as the case may be. Such deficiency may be assessed and collected or such overpayment may be credited or refunded as if on the date the deficiency is assessed or the credit or refund allowed in respect of the tax referred to in paragraph (1) one year remained before the expiration of the periods of limitation upon assessment or filing claim for refund in respect of the tax referred to in paragraph (2), for the same taxable year.

(c), ADJUSTMENT UNAFFECTED BY OTHER ITEMS, ETC.—In determining whether an increase or decrease in the amount of the tax previously determined shall be considered to result from the application of the law or facts under a determination referred to in subsection (b)(1) changes shall be made in items which are the subject of such determination and in items which are affected thereby, and in no others. The amount which may be assessed or allowed as a credit or refund under subsection (b), shall not be diminished by any credit or set-off based upon any item which was not the subject of such determination or affected thereby. Such amount, if paid, shall not be recovered by a claim or suit for refund or suit for erroneous refund based upon any item which was not the subject of such determination or affected thereby, except in connection with a subsequent application of this section.

prerequisite to the application thereof are present. *Morrisdale Coal Mining Co., supra.*

The respondent's method of computing the amount of the income tax deficiency under section 3807 is not founded upon any regulation or ruling, but rather on what respondent's counsel has referred to as a "policy" adopted by the respondent. He cites no precedent approving either the algebraic equation he has used here, or his interpretation of the statute, and we find none.

In interpreting the provisions of section 3807(b), the following was stated by the court in the case of *Pine Hill Crystal Spring Water* (p. 483):

It is clear that Sec. 3807 (Internal Revenue Code) was enacted in order to permit an adjustment otherwise outlawed by the statute of limitations but made necessary by some change in a related tax. Thus, in the instant case, the elimination of $10,246.33 from excess profits net income (as representing capital gain instead of ordinary income as originally reported), resulted in an overpayment which was refundable within the statute of limitations properly applicable thereto. This determination under chapter 2 meant that the taxpayer was entitled to a correspondingly smaller credit under Sec. 26(e) for adjusted excess profits net income in computing the Income Tax under Chapter 1, resulting in a deficiency in the Income Tax. Since this deficiency would otherwise be barred by the statute of limitations, the intended equalization between adjusted excess profits net income subject to the Excess Profits Tax and adjusted excess profits net income allowed as a credit, reducing the Income Tax, would have been upset by allowance of the overpayment in Excess Profits Tax without the corresponding adjustment in the Income Tax. The adjustment was made by the Commissioner of Internal Revenue under the auspices of Sec. 3807 which gave him an extra year in which to make it. But it is only the fact of the determination of the Excess Profits Tax overpayment which brings Section 3807 into play.

The purpose and intent are clear, to provide the Commissioner with an opportunity to make proper set-off and recoupment of the deficiency which is related to the overpayment determined in the taxpayer's favor in respect of the other tax.

* * * * * * *

* * * Sec. 3807 was obviously designed to restore the balance between the Income Tax and the Excess Profits Tax when upset by disparate statutes of limitation.

The balance between the Income Tax and the Excess Profits Tax in this particular instance is this: The "adjusted excess-profits net income" which is subject to Excess Profits Tax under Sec. 26(e) is the self-same "adjusted excess-profits net income" which is allowed as a credit for Income Tax purposes—so that any reduction in the first means a corresponding reduction in the credit for Income Tax purposes. * * *

We agree that the purpose of section 3807 is to give effect to the statutory "balance" in the so-called two-basket approach in computing the related taxes, the excess profits tax and the income tax. *Ambassador Hotel Co. of Los Angeles, supra.* In this case the petitioner in its 1942 excess profits tax return used an average base period net income of $359,353.20. As a result of the section 722 relief granted,

it was allowed to increase the amount of its constructive average base period net income to $443,000, which resulted in overpayment of excess profits tax in the amount of $64,366.21. The upward adjustment of the amount of the constructive average base period net income resulted in an income tax deficiency of $31,785.78 under section 26(e). That is the balance between the two taxes. The respondent's computation of the amount of the income tax deficiency which may be assessed under the provisions of section 3807, $8,429.85, distorts the balance and reaches an unreasonable result. "Statutes are to be construed so as to avoid an unreasonable result."

Applying here the reasoning of the case of *Pine Hills Crystal Spring Water*, with which we agree, the entire amount of the income tax deficiency, $31,785.78, should have been subtracted from the entire amount of the overpayment of excess profits tax, $64,366.21. Both the overpayment and the deficiency were determined by the same basic facts. Of course, the maximum refund of the overassessment of excess profits tax was fixed by the general period of limitation provided by section 275 in the amount of $17,070.45. But we are unable to find in the provisions of section 3807, or its purpose, a requirement that the refundable amount of the overpayment of excess profits tax must be reduced as the result of reviving a deficiency in income tax which, but for section 3807, was barred by operation of the general period of limitation. Since the effect of the respondent's computation under section 3807 of the amount of the revived income tax deficiency to be assessed is the reduction of the refundable amount of the overpayment of excess profits tax, it is held to be incorrect.

Although section 3807(b)(3) lifts the bar against the determination of a deficiency in one tax (income tax in this case) the respondent's method here means that after he determined an income tax deficiency in the amount of $31,785.78, he allocated that amount between the unrefundable part of the overpayment of excess profits tax and the refundable amount, and then treated $23,355.93 of the income tax deficiency as barred. Reduced to simple terms, respondent's equation amounts to the following: The refundable part of the excess profits tax overpayment is 0.2652 per cent of the total excess profits tax overpayment; and applying that per cent to the total amount of the income tax deficiency produces the amount of $8,429.85 as the amount to be assessed.

At first, respondent's method appears to favor the petitioner but the appearance is deceptive because, as pointed out above, petitioner is actually charged an additional amount of tax which reduces the refundable overpayment of excess profits tax to $8,640.60, whereas the relief granted under section 722 served to release from the excess profits tax account an amount of tax which is in excess of the corresponding adjustment upward of the income tax.

We are unable to read the provisions of section 3807 as requiring any such method as the respondent has invented here. Section 3807 was intended to permit the respondent to bring into balance the entire account of the taxpayer involving the computation of the two related taxes, and to allow him to assess the deficiency in one tax which was brought about by the reduction in the other, related tax; i.e., to allow the respondent to make himself "whole." But where the taxpayer has paid into the entire account for the two related taxes enough or more than enough to cover the upward adjustment of one tax which results from the downward adjustment of the other tax, the only purpose served by section 3807 is purely one of adjusting the account for the two taxes. Under the facts here, the provisions of section 3807 serve to allow the respondent to adjust the entire account by debiting and crediting the revised amounts of the related taxes, but beyond that, the question presented to us is in the realm of the academic. Therefore, we are unable to find here that there is in fact any amount of income tax to be assessed and cannot approve the determination of an income tax deficiency.

The amount of the income tax deficiency for 1942 which is produced by the downward adjustment of the amount of the excess profits tax is $31,785.78. Since the computation of the correct amount of the excess profits tax affects the determination of the correct amount of the income tax under the two-basket approach the relationship of the two taxes should be recognized after the recomputation of the correct amount of the income tax deficiency has been made under section 3807(b). Such relationship under the facts of this case determines that even though the amount of the income tax is increased upon the decrease of petitioner's excess profits tax net income, there is no liability for a deficiency in the recomputed income tax. Respondent erred in making the second computation in which he employed the ratio herein described; it was not required by section 3807(b), or any other provision of the Internal Revenue Code.

Reviewed by the Court.

*Decision will be entered under Rule 50.*