**AMBASSADOR HOTEL COMPANY OF LOS ANGELES, a corporation, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 16589.

United States Court of Appeals Ninth Circuit. June 10, 1960.

As Amended on Denial of Rehearing Aug. 1, 1960.

**304**

John E. Hughes, John W. Hughes, Harold R. Burnstein, Chicago, Ill., for petitioner.

Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Harry Marselli, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before CHAMBERS and STEPHENS, Circuit Judges, and MATHES, District Judge.

MATHES, District Judge.

This is a taxpayer's petition to review a decision of the Tax Court upholding the Commissioner's determination of a deficiency. Ambassador Hotel Co. of Los Angeles v. Commissioner, 1959, 32 T.C. 208. The jurisdiction of this Court is invoked under 26 U.S.C. § 7482(a).

The facts are undisputed. Both income tax and excess profits tax were assessed to the taxpayer for its tax year ending January 31, 1944, the excess-profits tax assessment having been made pursuant to §§ 710 and 711 of the 1939 Internal Revenue Code. [26 U.S.C. §§ 710 and 711 (1939), repealed by 59 Stat. 568 (1945).] Challenging the excess-profits tax assessment for that year, petitioner sought a redetermination in the Tax Court. This attack upon the excess-profits tax assessment was successful, and on April 12, 1955, the Tax Court entered a final order in favor of the taxpayer. Specifically, this order determined that petitioner was entitled to a refund

or credit of $26,475.54 for overpayment of excess profits tax. Ambassador Hotel Co. of Los Angeles v. Commissioner, 1954, 23 T.C. 163, 168–169.

By virtue of the provisions of the 1939 Code, a reduction in excess profits tax ipso facto resulted in a correlative increase in income tax liability, since the pattern established by the 1939 Code made the two taxes directly interrelated through the so-called "two-basket" approach. Under this approach, the entire taxable income was divided into two segments, one taxed at the income tax rate, and the other at the higher excess profits rate. Hence a redetermination which operated to change the amount or size of one segment resulted, by operation of law, in a corresponding change in the amount or size of the other. [See 26 U.S.C. §§ 710–731 (1939), repealed by 59 Stat. 568 (1945); see also 10 Mertens, Law of Federal Income Taxation § 57.77 at 128, n. 85 (Rev. ed. 1958).]

In keeping with this pattern for dividing the taxable income for income and excess profits tax purposes, the Commissioner, after the Tax Court's determination that there had been an overpayment of excess profits tax, proceeded to determine the correlative increase in petitioner's income tax liability and the resultant deficiency in petitioner's income tax for the tax year involved. On December 29, 1955, within a year following the date of the Tax Court's order, the Commissioner sent a ninety-day letter to petitioner, thereby giving notice of this income tax deficiency for the tax year ending January 31, 1944.

Inasmuch as the general three-year statute of limitations had already run on the deficiency [see 26 U.S.C. § 275(a) (1939)], the Commissioner added to the customary provisions of the ninety-day letter the statement that "the deficiency of income tax * * * is assessable under the provisions of section 3807 of the Internal Revenue Code of 1939 (relating to period of limitations in case of related taxes under Chapter 1 and Chapter 2)."

The taxpayer thereafter filed with the Tax Court a timely petition seeking a determination that the deficiency assessment was not owing because time barred. [See 26 U.S.C. § 275(a), supra.] The Tax Court held that the burden of proving facts to show that the general three-year period of limitations was not here extended by virtue of § 3807 of the 1939 Code [26 U.S.C. § 3807] rests upon the taxpayer and not upon the Commissioner and, finding that this burden had not been met, the Tax Court upheld the Commissioner. In reaching this decision, the Tax Court ruled that § 3807 of the 1939 Code was repealed only with respect to those taxable years ending after June 30, 1950. Ambassador Hotel Co. of Los Angeles v. Commissioner, supra, 32 T.C. 208.

Insofar as now pertinent, § 3807 of the 1939 Code provides that:

"(b) Extensions of Period of Limitations. If—

"(1) under a determination in respect of a tax imposed by Chapter 1 or Chapter 2, a deficiency is assessed or a credit or refund of an overpayment is allowed, within the period of limitations properly applicable thereto, and

"(2) the application of the law or facts determined in the ascertainment of such deficiency or overpayment to any other such tax of the taxpayer under Chapter 1 or Chapter 2 for the same taxable year would result in an increase or decrease in the amount of the tax previously determined in respect of such other tax, and

"(3) on any date prior to the expiration of one year from the assessment of a deficiency or the allowance of a credit or refund in respect of the tax referred to in paragraph (1), the assessment of a deficiency or the allowance of a credit or refund in respect of the tax referred to in paragraph (2) is prevented * * * by the operation (whether before, on, or after the date of

enactment of the Revenue Act of 1943) of any law or rule of law other than this section * * *

"then upon such date the increase or decrease in the tax referred to in paragraph (2) shall be considered a deficiency or an overpayment, as the case may be. Such deficiency may be assessed and collected or such overpayment may be credited or refunded as if[,] on the date the deficiency is assessed or the credit or refund allowed in respect of the tax referred to in paragraph (1) [,] one year remained before the expiration of the periods of limitation upon assessment or filing claim for refund in respect of the tax referred to in paragraph (2) for the same taxable year."

The petition to review stands upon two grounds. First, that the burden of proof as to applicability of § 3807 was erroneously placed upon the taxpayer to petitioner's prejudice since, if laid upon the Commissioner as should have been done, the record discloses that the burden has not been met; and second, that in all events repeal of § 3807 by § 304(c) of the Revenue Act of 1950 operated retroactively as a repeal for all taxable years, and not merely prospectively for the years subsequent to 1950.

Analysis reveals that petitioner's burden-of-proof contention raises nothing more than a question of law, namely, whether or not the undisputed facts at bar supply the requisite elements necessary to bring § 3807 into operation, thus making timely the Commissioner's assessment of income tax deficiency. And since the answer turns wholly upon the proper construction of § 3807 of the 1939 Code, we need not reach the burden-of-proof question.

Petitioner urges that the event referred to in § 3807, as fixing the date on which a credit or refund is "allowed" to provide the one-year extension, is allowance by the Commissioner himself, i. e. authorization of the necessary bookkeeping entry by the Secretary or his delegate. [See 26 U.S.C. §§ 6402 and 6407

(1954).] Specifically the argument is that, inasmuch as there is nothing in the record to indicate that the Commissioner "allowed" the excess-profits tax refund in question, one operative fact necessary to bring § 3807 into play is lacking here. The Commissioner, on the other hand, contends that a credit or refund is "allowed", within the meaning of § 3807, when the Tax Court determines that there was an overpayment as to one tax giving rise ipso facto to a deficiency as to the other tax. [See 26 U.S.C. § 322(c) and (d) (1939).]

Although there is some dispute in the commentary and legislative history bearing on the proper construction of § 3807 as regards this particular point [compare 26 C.F.R. 370 § 473.4(e), Example No. 1 with H.R.Rep. No. 1079, 78th Cong., 2nd Sess. 75 (1943); see 10 Mertens, Law of Federal Income Taxation, supra, § 57.77 at 132], both reason and the obvious policy which prompted the enactment lend firm support to the Commissioner's construction of the verb "allowed" as used in § 3807.

Admittedly § 3807 was enacted in recognition of the fact that the 1939 Code provided a direct interrelationship between the excess profits tax and the income tax [see 26 U.S.C. § 26(e) (1939), as amended by 56 Stat. 806 and 58 Stat. 53 (1942), repealed by 59 Stat. 570 (1945)], such that when, as at bar, a redetermination decreases the excess profits tax, a correlative increase in income tax ipso facto results. Recognizing the clear likelihood that the general three-year period of limitations provided in § 275(a) might run as to one tax while the other was being redetermined through litigation, the Congress created in § 3807 a particular, and in effect an additional, one-year period during which an adjustment could be made and steps taken to enforce it after the three-year period had already run. As Senator George commented during debate upon the bill: "The proposed amendment is designed to provide reciprocal treatment to taxpayers and to the Government, under which the effect upon one tax of ad-

justments in another tax may be properly made. It would thereby avoid inequitable results possible under the present law." [90 Cong.Rec. 275 (1944).]

■ Thus legislative history permits and underlying policy compels the conclusion that the date of allowance within the meaning of § 3807 includes the date of a determination by the Tax Court that a taxpayer is entitled to either a credit or a refund. This construction results in the added one-year period of limitation provided in § 3807 commencing by operation of law; whereas that urged by petitioner would permit the Commissioner, always an interested party to any tax controversy, in effect to control the date of commencement of the one-year period. [Cf. Felixson v. United States, D.C.S.D. Cal. January 21, 1960, 28 U.S.L.Week 2372]. To construe the statute as petitioner urges would be in derogation of the wise public policy, which underlies all statutes of limitation, to put an end to the possibility of litigation after the lapse of a reasonable and predeterminable period of time. See: Guaranty Trust Co. of New York v. United States, 1938, 304 U.S. 126, 136, 58 S.Ct. 785, 82 L.Ed. 1224; Bailey v. Glover, 1879, 21 Wall. 342, 88 U.S. 342, 349–350, 22 L.Ed. 636.

■ The record before us shows beyond dispute that here there was:

(1) A timely allowance of a credit or refund [26 U.S.C. § 3807(b) (1), supra]; and

(2) An "application of the law or facts * * * in the ascertainment of such * * * overpayment" in excess profits tax, which resulted in an increase in the amount of income tax as previously determined [26 U.S.C. § 3807(b) (2) and § 26(e), supra]; and

(3) The deficiency in income tax arising as a result of the Tax Court's determination of excess profits tax overpayment is otherwise barred by the general three-year statute of limitations [26 U. S.C. § 3807(b) (3) and § 275(a), supra].

It follows then that all the requisite facts are present at bar to bring § 3807 into operation to provide an additional year from the date of the Tax Court's determination of the overpayment of excess profits tax within which to assess the income tax deficiency.

Turning now to the second ground for reversal urged by petitioner, namely, that the repeal of § 3807 by § 304(c) of the Revenue Act of 1950 amounted to a repeal for tax years prior, as well as subsequent, to 1950. Section 304(c) provides *inter alia* that:

"Section 3807 of such [1939] code (relating to period of limitations in case of related taxes under chapter 1 and chapter 2) is repealed."

Section 304 embodies a series of "Technical Amendments" to the 1939 Code. Each of the series employs the term "amended", with the single exception of subsection (c) where the term "repealed" appears. Subsection (g) of § 304 declares:

"The amendments made by this section shall be applicable with respect to taxable years ending after June 30, 1950."

Inasmuch as subsection (c) uses "repealed" instead of "amended", petitioner argues that subsection (c) is not qualified by subsection (g) so as to be applicable only for the years after 1950, as are the other subsections, even though all the subsections literally contain amendments.

This argument is entirely lacking in merit. The title to § 304 is "Technical Amendments", and the section appears to encompass all the subsections within it. Moreover, when confronted with any question as to the applicability of § 3807 in the cases reported since the Revenue Act of 1950 was enacted, the courts have consistently considered the section as remaining in effect for all tax years ending before June 30, 1950. [Merrimac Hat Corp. v. Commissioner, 1959, 32 T.C. 1082; Morrisdale Coal Mining Co. v. United States, 1956, 142 F.Supp. 930, 932–933, 135 Ct.Cl. 483, 485–488; Pine Hill Crystal Spring Water Co. v. United States, D.C.S.D.N.Y.1954, 121 F.Supp.

480, 482; accord, 10 Mertens, Law of Federal Income Taxation, supra, § 57.77 at 128.]

For the reasons stated, the decision of the Tax Court is affirmed.