ESTATE OF SARA LOUISE GILL, ROBERT S. GILL, EXECUTOR AND ROBERT S. GILL, INDIVIDUALLY, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 84163. Filed March 31, 1961.

*Winston B. McCall, Esq.*, for the petitioners.
*Frederick T. Carney, Esq.*, for the respondent.

SCOTT, *Judge:* Respondent has determined a deficiency in petitioners' income tax for the taxable year 1948 of $24,898.52. The

issues raised are whether respondent may reopen the taxable year 1948 under the provisions of sections 1311–1314 of the Internal Revenue Code of 1954, and, if so, the proper amount of income to be included in that year.

FINDINGS OF FACT.

Some of the facts have been stipulated and are found accordingly.

Robert S. Gill, hereinafter referred to as petitioner, is an individual and is also the duly appointed and acting executor of the estate of Sara Louise Gill, his deceased wife, who with him filed a joint income tax return for the year 1948 with the district director of internal revenue for the district of Alabama.

The notice of deficiency was mailed to petitioner on September 28, 1959. There was no waiver filed by petitioners of the statute of limitations on assessments and collections, and no claim of fraud has been asserted against petitioners.

Petitioner, for the year 1948 and for a number of years prior thereto, filed his income tax returns on a calendar year basis. From 1941 to 1945 he was a partner in the firm of Gill Printing and Stationery Company, Mobile, Alabama, a partnership which filed its returns and kept its books on a fiscal year ending April 30 of each year.

In July 1945, petitioner acquired the entire ownership of Gill Printing and Stationery Company and thereafter operated the business as a sole proprietorship. Petitioner continued to close the books of the business as of April 30 of each year through the year ended April 30, 1953, and continued through the calendar year 1952 to report on his calendar year income tax returns, income from the business of Gill Printing and Stationery Company determined for a fiscal year ending April 30, reporting the income in the calendar year in which the fiscal year used for the business ended, as he had done when the business was a partnership.

In the joint income tax return filed for the calendar year 1949, the petitioner reported the net income of Gill Printing and Stationery Company for the fiscal year May 1, 1948, to April 30, 1949, in the amount of $63,838.38.

Petitioner filed claims for refund of income taxes paid for the years 1949, 1950, and 1952 and for a period ended April 30, 1951, which claims were disallowed by respondent.

The claim for refund filed by petitioner for the calendar year 1949 was in the amount of $7,536.84 and was on the theory that for the year 1949 petitioner should have reported all the income earned by the Gill Printing and Stationery Company for that calendar year and should have excluded from income for the calendar year 1949, amounts earned by the sole proprietorship in 1948 which had been included in the income reported on his 1949 income tax return. In his claim for refund for 1949, petitioner made the following calculation:

Correct taxable income for the period:

| | |
|---|---:|
| Business profit for the fiscal year ended Apr. 30, 1949 | $63,838.38 |
| Less proportion allocable to calendar year 1948 (⅔) | 42,558.92 |
| | 21,279.46 |
| Add: ⅔ of business profit for fiscal year ended Apr. 30, 1950 | 28,766.34 |
| | 50,045.80 |
| Add: Other income as corrected | 738.90 |
| | 50,784.70 |
| Less: Deductions allowable, as corrected | 4,447.15 |
| | 46,337.55 |
| Less: Exemptions | 1,800.00 |
| | 44,537.55 |

TAXABLE INCOME

| | |
|---|---:|
| Correct tax on income of $44,537.55 | $15,007.88 |
| Amount assessed and paid | 22,544.72 |
| Refund due | [1] 7,536.84 |

[1] With interest at 6 percent per annum.

Subsequent to the disallowance of his claims for refund petitioner filed civil action No. 8214 in the United States District Court for the Northern District of Alabama praying for a refund of income taxes paid for 1949 and other years. The refund suit insofar as it related to the year 1949 was based on the claim for refund which contained the calculation hereinabove set forth. The complaint alleged that petitioner's income should be reported on a true calendar year basis and that the Government was in error in attempting to place petitioner on a fiscal year basis of reporting income. The amount of the refund sought in this action for the year 1949 was the same amount as sought in the disallowed claim, i.e., $7,536.84. In this suit the Government contended that petitioner should report his income on a fiscal year basis. The claim for refund was not introduced in evidence and was not a part of the proceedings in the civil action. The allegations of the complaint in this civil action pertinent here are contained in paragraph 3 thereof as follows:

Plaintiffs aver that under date of June 10, 1952, the Internal Revenue Agent in Charge, Birmingham District, concluded and advised plaintiffs that their federal income tax return for all purposes should be filed on a calendar year basis, and that plaintiff's income from the Gill Printing and Stationery Company, of which plaintiff Robert S. Gill was the sole proprietor throughout the tax year here involved, should likewise be reported on a calendar year basis. Plaintiffs agreed with this conclusion, and thereafter made adjustments of the

books and records of said business and in federal income tax returns filed by them in subsequent years. Plaintiffs aver that by reason of said adjustment their correct taxable income for the year 1949, less exemptions, was $44,537.55 on which the total and correct federal income tax was the sum of $15,007.88. Plaintiffs aver that the federal income tax assessed and paid by plaintiffs for the year 1949 was $22,544.72, and that plaintiffs are, therefore, due a refund of the difference, namely, $7,536.84, with interest.

In the District Court case the parties stipulated the correct amount of petitioner's income for the calendar year 1949 ($46,337.55), and for the fiscal year ending April 30, 1949 ($60,549.13). The parties also stipulated the appropriate amounts of income for the other years in issue in that case.

After an adverse decision from the United States District Court, petitioner appealed the case to the United States Court of Appeals for the Fifth Circuit. That court in an opinion reported as *Gill* v. *United States*, 258 F. 2d 553 (C.A. 5, 1958), held that the petitioner herein, prior to his sole proprietorship of the Gill Printing and Stationery Company, had been on the calendar year basis of accounting and that such basis was proper for the reporting of income in his returns. The United States District Court was reversed and the case was "remanded for other and further proceedings." In footnote 9 at the end of the opinion the court stated:

The parties stipulated that in the event the Court were to hold that Taxpayer's accounting period was a calendar year, the amount of refund is to be computed by the parties subject to determination by the Court in the event of disagreement. This will comprehend, to the extent applicable and heretofore raised, the collateral matters of limitations, determination or overassessments and the like.

Neither party sought rehearing or a writ of certiorari or review of the circuit court's opinion.

On remand to the United States District Court, the tax liability for the year 1949 was computed on the basis of income of $46,337.55 with exemptions of $1,800 leaving a taxable income of $44,537.55. Petitioner's computation was discussed with representatives of the Internal Revenue Service but was not agreed to by such representatives or by the United States Attorney acting for the United States of America. The United States District Court directed the Government also to file a computation of the tax liabilities but when such computation was not filed within the time allowed by the District Court, that court, on September 29, 1958, entered judgment for petitioner in accordance with his computation, including therein other years not involved here. The judgment includes the amount of $7,536.84 as a refund for the year 1949 claimed in civil action No. 8214 referred to hereinabove and in the claim (Form 843) heretofore mentioned, and the various amounts shown on the claim are correct. The United States of

America thereafter filed a motion to vacate the judgment on October 17, 1958, which motion after hearing thereon was overruled by order entered December 10, 1958.

Petitioner's net income for the 12-month period, January 1, 1948, to December 31, 1948, was $58,603.66. Petitioner reported on his return for that year net income in the amount of $53,713.71, a difference of $4,889.95. This increase is correctly arrived at by adding to 1948 income the amount of $42,558.92, being petitioner's income from his business for the period May 1, 1948, to December 31, 1948, and by eliminating from income the amount of $37,668.97, being petitioner's income from his business for the period May 1, 1947, to December 31, 1947.

Following remand of the refund suit by the United States Court of Appeals for the Fifth Circuit, counsel for the plaintiff prepared the judgment and at the time it was submitted to the Distric Court discussed the tax computation with the court showing the judge the stipulated amount of income and the amount shown in the complaint.

The computation of the tax itself was not filed with the District Court, but in making his computation the petitioner's attorney verified the amount of $46,337.55 of adjusted gross income for 1949 stipulated in the District Court and computed the tax and refund due and included the amount for the latter in the judgment he prepared for the signature of the District Court judge.

Under the tax computation shown on the claim for refund filed for 1949 the amount of $42,558.92 representing income from petitioner's business for the period May 1, 1948, through December 31, 1948, was excluded from the income as reported by petitioner on his 1949 income tax return as being income for the calendar year 1948 from business profits. Under the stipulation of the parties in the District Court case, the opinion of the circuit court in *Gill* v. *United States, supra,* required this exclusion from petitioner's 1949 income to be made by the District Court under the order of remand in arriving at the amount of refund due the plaintiff for the year 1949.

Petitioner on his income tax return for 1948 reported as his business income the profits of his business for the fiscal year ended April 30, 1948, and did not include the $42,558.92 profits for the period May 1, 1948, through December 31, 1948, which was removed from his income as reported for the year 1949 in the tax computation which resulted in the refund for that year included in the judgment of the District Court entered pursuant to the mandate of the circuit court.

No amended return has been filed by petitioner for the calendar year 1948 and no additional taxes have been paid for that year over and above the tax shown on petitioner's 1948 return.

## OPINION.

The first issue presented is whether respondent has made a timely determination of deficiency against petitioner for the taxable year 1948. Respondent contends that under the provisions of section 1311 (a) and (b) (1) and section 1312(3) (A) of the Internal Revenue Code of 1954,[1] there was adopted by petitioner in his refund suit in the District Court and his appeal from the decision therein to the circuit court resulting in the decision in *Gill* v. *United States*, 258 F. 2d 553 (C.A. 5, 1958), a position which is inconsistent with the exclusion or omission of income from petitioner's sole proprietorship business for the period May 1, 1948, to December 31, 1948, from petitioner's 1948 income. Respondent contends his notice was sent within the 1-year period from the final determination with respect to the year 1949 as allowed by section 1314(b) of the 1954 Code.[2]

Petitioner contends that respondent has failed to meet his burden of proof of showing that pursuant to an inconsistent position maintained by petitioner, the determination in the case of *Gill* v. *United*

---

[1] SEC. 1311. CORRECTION OF ERROR.

(a) GENERAL RULE.—If a determination (as defined in section 1313) is described in one or more of the paragraphs of section 1312 and, on the date of the determination, correction of the effect of the error referred to in the applicable paragraph of section 1312 is prevented by the operation of any law or rule of law, other than this part and other than section 7122 (relating to compromises), then the effect of the error shall be corrected by an adjustment made in the amount and in the manner specified in section 1314.

(b) CONDITIONS NECESSARY FOR ADJUSTMENT.—

(1) MAINTENANCE OF AN INCONSISTENT POSITION.—Except in cases described in paragraphs (3),(B) and (4) of section 1312, an adjustment shall be made under this part only if—

(A) in case the amount of the adjustment would be credited or refunded in the same manner as an overpayment under section 1314, there is adopted in the determination a position maintained by the Secretary or his delegate, or

(B) in case the amount of the adjustment would be assessed and collected in the same manner as a deficiency under section 1314, there is adopted in the determination a position maintained by the taxpayer with respect to whom the determination is made,

and the position maintained by the Secretary or his delegate in the case described in subparagraph (A) or maintained by the taxpayer in the case described in subparagraph (B) is inconsistent with the erroneous inclusion, exclusion, omission, allowance, disallowance, recognition, or nonrecognition, as the case may be.

SEC. 1312. CIRCUMSTANCES OF ADJUSTMENT.

The circumstances under which the adjustment provided in section 1311 is authorized are as follows:

*    *    *    *    *    *    *

(3) DOUBLE EXCLUSION OF AN ITEM OF GROSS INCOME.—

(A) ITEMS INCLUDED IN INCOME.—The determination requires the exclusion from gross income of an item included in a return filed by the taxpayer or with respect to which tax was paid and which was erroneously excluded or omitted from the gross income of the taxpayer for another taxable year, or from the gross income of a related taxpayer; or

[2] SEC. 1314(b). METHOD OF ADJUSTMENT.—The adjustment authorized in section 1311(a) shall be made by assessing and collecting, or refunding or crediting, the amount thereof in the same manner as if it were a deficiency determined by the Secretary or his delegate with respect to the taxpayer as to whom the error was made or an overpayment claimed by such taxpayer, as the case may be, for the taxable year or years with respect to which an amount is ascertained under subsection (a), and as if on the date of the determination one year remained before the expiration of the periods of limitation upon assessment or filing claim for refund for such taxable year or years. * * *

*States, supra,* required the exclusion from petitioner's gross income of an item which was included in his 1949 income tax return and which was erroneously excluded or omitted from petitioner's gross income for the year 1948. The facts clearly establish that in the refund claim filed for the year 1949, petitioner claimed that there should be excluded from his 1949 income the amount of $42,558.92 representing the portion of the business profits for the fiscal year ended April 30, 1949, which was allocable to the period May 1 through December 31, 1948. The facts show that the refund suit was based on this claim and that the amount of income for petitioner's year 1949 should petitioner's position in the refund suit be sustained was the exact amount as shown on petitioner's refund claim. The facts show that petitioner's position was sustained by the circuit court and no petition for certiorari therefrom was filed. The facts also clearly show that petitioner for his calendar year 1948 reported as his income from business profits only the income for the fiscal year ended April 30, 1948, and did not include the profit for the period May 1, 1948, through December 31, 1948. We agree with respondent that the facts in this case bring it within the provisions of sections 1311 and 1312(3)(A) of the 1954 Code. Cf. *Albert W. Priest Trust,* 6 T.C. 221 (1946), and *Estate of A. W. SoRelle,* 31 T.C. 272 (1958).

Petitioner next contends that respondent's determination of deficiency was not made within the 1-year period from the determination in the case of *Gill* v. *United States, supra,* as required by section 1314(b) of the Internal Revenue Code of 1954. Petitioner argues that the prior determination became final on July 18, 1958, when the Court of Appeals upheld petitioner's claim for refund for the taxable year 1949; and, therefore, the notice of deficiency for the year 1948 not being issued until more than a year thereafter, was not timely. Respondent contends that the earlier determination did not become final until judgment was entered by the District Court on September 29, 1958, and that inasmuch as the notice of deficiency was mailed within a year thereof, such notice was timely.

In support of his contention that respondent's notice of deficiency was not timely under section 1314 in that it was not mailed within 1 year after the determination for the year 1949 became final, petitioner cites several Supreme Court opinions to the effect that a court's decision is final when rendered. *Richfield Oil Corp.* v. *State Board,* 329 U.S. 69, and *Market Street R. Co.* v. *Commission,* 324 U.S. 548. However, we feel that these cases are not in point. These cases were decided under the statutory provisions now contained in 28 U.S.C. sec. 1257 which provide that "Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court * * *." It is clear that this statute is concerned with "final judgments or decrees" which

complete the action to be taken by the State court as distinguished from interlocutory orders or decisions necessitating further proceedings in the State courts before the litigation is concluded therein. In the same context 28 U.S.C. sec. 1291 provides that the Courts of Appeals shall have jurisdiction of appeals from "all final decisions of the district courts * * *." In this meaning of the term "final decision" the decision of the District Court in the *Gill* case which was appealed by this petitioner to the Fifth Circuit resulting in the decision of July 18, 1958, favorable to petitioner was final. "Determination" is defined in section 1313(a)(1) of the 1954 Code insofar as here pertinent not as a "final decision" but as "a judgment, decree, or other order by any court of competent jurisdiction, which has become final." Section 7481 of the Internal Revenue Code of 1954 contains a definition of when a decision of this Court becomes final. Section 7481 generally places the date when a decision of this Court becomes final at the time that the determination is beyond review and thus fixed. It appears to us that this concept of the term "become final" is also appropriate to a judgment of a District Court or circuit court within the meaning of section 1313(a)(1) of the Internal Revenue Code of 1954.

The Court of Appeals for the Fifth Circuit entered its decision on July 18, 1958. Although this decision when rendered was final in that it might have formed the basis for a petition for a writ of certiorari to the Supreme Court, for the purposes of section 1313, that decision did not "become final" until the expiration of the time for filing such petition for a writ of certiorari. The time in which a petition for a writ of certiorari may be filed to the Supreme Court from a circuit court decision is, according to 28 U.S.C. sec. 2101(c), 90 days. This would mean that the decision of the Court of Appeals for the purposes of secton 1313 did not become final until October 16, 1958, when the time for filing a petition for a writ of certiorari expired without such a petition having been filed. The notice of deficiency for the taxable year 1948 was issued on September 28, 1959, within a year following that date. The notice was timely under section 1314 of the Internal Revenue Code of 1954.

Because of the fact that October 16, 1958, is the earliest possible date on which the determination could have become final, thus making respondent's notice of deficiency timely, we do not feel it necessary to discuss respondent's contentions that there was no final determination until the District Court entered a monetary judgment for petitioner in pursuance to the Court of Appeals' reversal, or until the time for appeal had expired following the District Court's denial of the Government's motion to vacate such judgment. Nor do we feel it necessary to decide on which of these dates the determination did become final. Cf. *Bishop* v. *Reichel*, 127 F. Supp. 750, affirmed per

curiam 229 F. 2d 806; *Louis Pizitz Dry Goods Company* v. *United States*, 185 F. Supp. 186.

The *Ambassador Hotel Company of Los Angeles* v. *Commissioner*, 280 F. 2d 303 (C.A. 9, 1959), affirming 32 T.C. 208, relied on by petitioner, involved the date of allowance of a refund of excess profits tax so as to reopen the statute for assessment of the related income tax deficiency under section 3807 of the Internal Revenue Code of 1939. The court held that the Tax Court's decision that the taxpayer was entitled to an overpayment of excess profits tax in a specific amount was the "allowance" required by section 3807 of the Internal Revenue Code of 1939.

There was no issue raised in that case as to when the decision of this Court became final as the notice of deficiency was issued well within a year of the entry of the decision. The only issue raised was whether there had, in fact, been an allowance of a refund by entry of the decision as distinguished from the authorization of the bookkeeping entries by the Secretary or his delegate providing for the refund or credit of that overpayment. In the instant case no contention is made that the decision of the District Court or circuit court did not become final until the refund for 1949 was allowed or paid by the Commissioner of Internal Revenue, which, as the record shows, was subsequent to April 30, 1959.

Petitioner finally argues that if he is in error in his primary contentions, the maximum omitted income for the year 1948 is $4,899.95. Petitioner arrives at this figure by subtracting $53,713.71, the amount reported as income for 1948, from $58,603.66 which is the actual income earned in 1948 when the $42,558.92 amount earned from May 1, 1948, through December 31, 1948, is included in 1948 income and the $37,668.97, earned from May 1, 1947, through December 31, 1947, is excluded from 1948 income. The parties have stipulated these figures, and the petitioner has, therefore, concluded that in order to have the 1948 income computed properly only a $4,899.95 increase in income is necessary.

Section 1314(c) of the Internal Revenue Code of 1954 [3] specifically provides that the reopening of an otherwise closed taxable year is for the limited purpose of adjusting for the item of income or deduction which was excluded or included in another year. There is no authority to make any adjustments not directly related to the increase or decrease in income caused by the inclusion or exclusion of such item of

---

[3] SEC. 1314(c). ADJUSTMENT UNAFFECTED BY OTHER ITEMS.—The amount to be assessed and collected in the same manner as a deficiency, or to be refunded or credited in the same manner as an overpayment, under this part, shall not be diminished by any credit or set-off based upon any item other than the one which was the subject of the adjustment. The amount of the adjustment under this part, if paid, shall not be recovered by a claim or suit for refund or suit for erroneous refund based upon any item other than the one which was the subject of the adjustment.

income or deduction. *Estate of A. W. SoRelle, supra,* and *First National Bank of Philadelphia,* 18 T.C. 899 (1952), affd. 205 F. 2d 82 (C.A. 3, 1953).

*Decision will be entered for the respondent.*